AUGUST DIETZ, Respondent, v. ANDREW B. YETTER, Appellant.

*Bailment — loss of goods by fire — false representations as to the fireproof character of warehouse buildings.*

Where, in an action brought to recover the value of certain goods which were destroyed by a fire in one of the defendant's warehouses where they were stored, it appears that upon such buildings and upon the vans used in carrying goods to and from them were signs representing the warehouses as fireproof structures, whereas only some of them were, and the one in which the the goods were stored was not of that character, a question is presented for the jury whether the representation was such as to lead a person of ordinary care and prudence to conclude that it referred to all of the warehouses, and whether such representation was made by the warehouseman with fraudulent intent to deceive the public in that regard, and whether the plaintiff, relying thereon, stored his goods in the warehouse, in which event he would be entitled to recover.

APPEAL by the defendant, Andrew B. Yetter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of February, 1898, upon the verdict of a jury, and also from an order entered

in said clerk's office on the 4th day of March, 1898, *nunc pro tunc*, as of the 18th day of February, 1898, denying the defendant's motion for a new trial made upon the minutes, except from so much of said order as directs that it be entered in the place and stead of the order entered herein on February 18, 1898, and so much thereof as vacates and sets aside said last-mentioned order.

*Frederick E. Anderson*, for the appellant.

*Woolsey Carmalt*, for the respondent

INGRAHAM, J.:

The action was brought to recover for the value of certain furniture stored by the plaintiff in the defendant's storehouse and destroyed by fire, the building in which the goods were stored, together with its contents, having been totally destroyed. The plaintiff alleged that in the month of August, 1895, he was desirous of storing in an absolutely safe and fireproof warehouse certain goods, wares and household utensils; that for some time prior to August, 1895, the defendant falsely and fraudulently, by means of his agents and servants and by his printed advertisements, represented to the plaintiff that said warehouse was fireproof, and that goods stored therein would be protected against loss by fire; that the plaintiff, relying on said representations and by reason thereof, believing the same to be true, on or about the 24th day of August, 1895, delivered to the defendant to be stored in his said warehouse the personal property mentioned; that said representations were false and fraudulent, and made for the purpose of deceiving the plaintiff in this, that the said warehouse was not fireproof, and that on the 24th day of September, 1895, the said warehouse, containing the said personal property of the plaintiff was destroyed by fire.

To prove these allegations there was evidence tending to show that the defendant was the owner of three buildings on Sixty-first street, used for the purpose of a storage warehouse. One building, No. 304, was a fireproof structure. Another building, No. 302, adjoining No. 304, was constructed with iron partitions, and though not absolutely fireproof, it had considerable protection against fire, while there was another building on the opposite side of the street, known as No. 305–307 East Sixty-first street, constructed of wood

and brick and not fireproof. There was also evidence tending to show that there was a sign upon this building No. 305–307 which stated that it was a fireproof building, and that the defendant's vans and trucks used in the carriage of goods to and from his warehouse had upon them a sign, " Globe Storage Warehouse, fireproof, Numbers 302–4, 5–7, 61st street, East." The plaintiff testified that he was familiar with the sign upon the building and upon these vans; that he relied upon the statement of the defendant that the warehouse was fireproof, and that, so relying upon such statement, he stored his goods with the defendant; that in consequence of the falsity of that statement these goods were destroyed by the fire which consumed the warehouse and its contents.

The defendant offered evidence tending to show that the statement was not intended to refer to all of the warehouses, but only to No. 304 East Sixty-first street, which was a fireproof building; that there was no sign upon the building Nos. 305–307 stating that it was fireproof; that when the goods were stored by the plaintiff he was informed that Nos. 305–307 was not a fireproof building, and that storage charges were considerably less in consequence, and that the plaintiff selected that building in which his goods should be stored.

The court left it to the jury to say whether the use of the word " fireproof " on the vans, in connection with the other words which appeared thereon, was such as to lead a person of ordinary care and prudence to conclude that it referred to all of the defendant's warehouses, and whether it was the intention of the defendant in thus framing his advertisement to deceive the public in that regard ; also to say whether or not the word " fireproof " was upon the building Nos. 305–307, and whether if such representation was made by the defendant as to the building No. 305, as well as No. 304, it related to the condition of the building, and imported a representation that the building was one which was constructed of non-combustible material ; charging the jury that the gist of such an action as this is fraud, and that the representation must have been with fraudulent intent; and that if they found that the evidence was substantially inconsistent with any other theory than that the defendant intended to deceive, then they were entitled to find that the representation itself was a fraudulent representation ; and that if they found that

there was such a fraudulent representation by the defendant, and that the plaintiff relied upon such representations, believing them to be true, and that by reason of such reliance he stored his goods with the defendant, the plaintiff would then have made out a case. The court subsequently, at the request of the defendant, charged the jury that they "must find that the representation was made with respect to No. 305 as well as to 304 — they must find that the representation was made with respect to 305 in order to justify a verdict for the plaintiff." The jury found for the plaintiff, and, we think, there was evidence to sustain such a finding.

The question was presented to the Court of Appeals in the case of *Hickey* v. *Morrell* (102 N. Y. 460). It was there held that to represent that a building was fireproof, when it was not, was a fraud which entitles a person, who relies upon such representation, to recover. Judge DANFORTH, in delivering the opinion of the court, says : "To say of a building that it is fireproof excludes the idea that it is of wood, and necessarily implies that it is of some substance fitted for the erection of fire-proof buildings." Here, if the plaintiff's testimony is to be believed, there was a direct representation, both upon the building itself, in which the plaintiff's goods were stored, and upon the vans of the defendant, giving the location of the building and representing the warehouse to be fireproof. The defendant concedes that the building Nos. 305–307 was not fireproof, and it was a question for the jury to say whether the representation related to that building. If they did, the representation was clearly false, and if the plaintiff relied upon it the jury were justified in finding a verdict for the plaintiff.

The learned trial judge charged the jury with care, and presented the question to them clearly by a charge which carefully preserved all the rights of the defendant, and we think that the verdict of the jury was justified by the evidence. There is no question as to the admission or rejection of evidence that requires notice. Upon the whole case we think the judgment was right and it is affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.