### DIETZ v. YETTER.

(Supreme Court, Appellate Division, First Department.     November 11, 1898.)

STORAGE WAREHOUSES— FRAUDULENT STATEMENTS—QUESTION FOR JURY.
    Defendant owned three storage warehouses, one fireproof.     In an ac-
    tion to recover for loss, caused by burning of one not fireproof, to plain-
    tiff's goods stored therein, there was evidence that on this building was
    a sign stating it was fireproof, and that defendant's vans had signs con-
    veying impression that all were fireproof, and, on these facts and on de-
    fendant's statement that this building was fireproof, plaintiff stored his
    goods there.     These representations were denied by defendant.     *Held*, that
    the question whether the representations were made, and that with intent
    to defraud, was for the jury, under a charge that if the representations
    were made regarding the building used, and were substantially incon-
    sistent with any other theory than with intent to deceive, they could find
    that they were fraudulent.

Appeal from trial term, New York county.
Action by August Dietz against Andrew B. Yetter.     There was a
judgment for plaintiff, and defendant appeals.     Affirmed.
Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and INGRAHAM, JJ.

Frank E. Anderson, for appellant.
Woolsey Carmalt, for respondent.

INGRAHAM, J.    The action was brought to recover for the value of certain furniture, stored by the plaintiff in the defendant's storehouse, and destroyed by fire; the building in which the goods were stored, together with its contents, having been totally destroyed.    The plaintiff alleged that in the month of August, 1895, he was desirous of storing in an absolutely safe and fireproof warehouse certain goods, wares, and household utensils; that for some time prior to August, 1895, the defendant falsely and fraudulently, by means of his agents and servants and by his printed advertisements, represented to the plaintiff that said warehouse was fireproof, and that goods stored therein would be protected against loss by fire; that the plaintiff, relying on said representations and by reason thereof, believing the same to be true, on or about the 24th day of August, 1895, delivered to the defendant, to be stored in his said warehouse, the personal property mentioned; that said representations were false and fraudulent, and made for the purpose of deceiving the plaintiff, in this: that the said warehouse was not fireproof; and that on the 24th day of September, 1895, the said warehouse, containing the said personal property of the plaintiff, was destroyed by fire.    To prove those allegations, there was evidence tending to show that the defendant was the owner of three buildings on Sixty-First street, used for the purpose of a storage warehouse.    One building, No. 304, was a fireproof structure; another building, No. 302, adjoining No. 304, was constructed with iron partitions, and, though not absolutely fireproof, it had considerable protection against fire; while there was another building, on the opposite side of the street, known as Nos. 305–307 East Sixty-First street, constructed of wood and brick, and not fireproof.    There was also evidence tending to show that there was a sign upon this building Nos. 305–307 which stated that it was a fireproof building, and that the defendant's vans and trucks used in the carriage of goods to and from his warehouse had upon them a sign, "Globe Storage Warehouse, Fireproof, Numbers 302–4, 5–7, East 61st Street."    The plaintiff testified that he was familiar with the sign upon the building and upon these vans; that he relied upon the statement of the defendant that the warehouse was fireproof, and that, so relying upon such statement, he stored his goods with the defendant; that, in consequence of the falsity of that statement, these goods were destroyed by the fire which consumed the warehouse and its contents.    The defendant offered evidence tending to show that the statement was not intended to refer to all of the warehouses, but only to No. 304 East Sixty-First street, which was a fireproof building; that there was no sign upon the building Nos. 305–307 stating that it was fireproof; that, when the goods were stored by the plaintiff, he was informed that Nos. 305–307 was not a fireproof building, and that storage charges were considerably less in consequence; and that he selected that building in which his goods should be stored.

The court left it to the jury to say whether the use of the word "fireproof" on the vans, in connection with the other words which appeared thereon, was such as to lead a person of ordinary care and prudence to conclude that it referred to all of the defendant's warehouses, and whether it was the intention of the defendant in thus framing his advertisement to deceive the public in that regard; also, to say whether or not the word "fireproof" was upon the building Nos. 305–307, and whether, if such representation was made by the defendant as to the building No. 305, as well as No. 304, it related to the condition of the building, and imported a representation that the building was one which was constructed of noncombustible material; charging the jury that the gist of such an action as this is fraud, and that the representation must have been with fraudulent intent, or that, if they found that the evidence was substantially inconsistent with any other theory than that the defendant intended to deceive, then they were entitled to find that the representation itself was a fraudulent representation, and that if they found that there was such a fraudulent representation by the defendant, that the plaintiff relied upon such representation, believing same to be true, and that by reason of such reliance he stored his goods with the defendant, the plaintiff would then have made out a case. The court subsequently, at the request of the defendant, charged the jury that "they must find that the representation was made with respect to No. 305, as well as to 304. They must find that the representation was made with respect to 305 in order to justify a verdict for the plaintiff." The jury found for the plaintiff, and we think there was evidence to sustain such a finding.

The question was presented to the court of appeals in the case of Hickey v. Morrell, 102 N. Y. 460, 7 N. E. 323. It was there held that to represent that a building was fireproof when it was not was a fraud which entitles a person who relies upon such representation to recover. Judge Danforth, in delivering the opinion of the court, says: "To say of a building that it is fireproof excludes the idea that it is of wood, and necessarily implies that it is of some substance fitted for the erection of fireproof buildings." Here, if the plaintiff's testimony is to be believed, there was a direct representation, both upon the building itself in which the plaintiff's goods were stored, and upon the vans of the defendant giving the location of the building, and representing the warehouse to be fireproof. The defendant concedes that the building Nos. 305–307 was not fireproof, and it was a question for the jury to say whether the representation related to that building. If they did, the representation was clearly false; and, if the plaintiff relied upon it, the jury were justified in finding a verdict for the plaintiff.

The learned trial judge charged the jury with care, and presented the question to them clearly by a charge which carefully preserved all the rights of the defendant; and we think that the verdict of the jury was justified by the evidence. There is no question as to the admission or rejection of evidence that requires notice. Upon the whole case, we think the judgment was right, and it is affirmed, with costs. All concur.