## GRUEL v. YETTER.

(City Court of New York, General Term.   January 3, 1899.)

1. WAREHOUSEMEN—FALSE REPRESENTATIONS AS TO CHARACTER OF BUILDING—
LIABILITY FOR LOSS.
Where defendant, a warehouseman, falsely represented to plaintiff's
agent that his warehouse was fireproof, and thereby induced plaintiff,
who relied on such representation, to store his goods therein, and they
were burned in a fire which destroyed the building, defendant was liable
to plaintiff for the value of such goods.

2. APPEAL—VERDICT—CONFLICTING EVIDENCE.
A verdict finding the value of certain goods in controversy was not
against the weight of evidence, where plaintiff's estimate was very high,
and defendant's very low, and that of the jury a reasonable one, based
on the whole testimony.

3. WITNESSES—COMPETENCY OF EXPERTS.
A witness was competent to testify, as an expert, as to the value of cer-
tain goods in controversy, where it appeared that he had for many years
purchased and sold such goods, had attended many sales, had served as
an adjuster for the insured in many instances of loss by fire, and had fre-
quently seen and examined the identical goods in question.

Appeal from trial term.

Action by John Gruel against Andrew B. Yetter.   From a judgment
entered on the verdict of a jury in favor of plaintiff, defendant ap-
peals.   Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT,
JJ.

Wilder & Anderson, for appellant.
Einstein & Townsend, for respondent.

PER CURIAM.   The appellant contends that the verdict is against
the weight of evidence.   We have carefully examined the evidence,
and believe that the jury was justified in finding that defendant rep-
resented to plaintiff's agent that his storage warehouse was fireproof,
and, relying upon such statement, he (plaintiff) sent his goods to de-
fendant's warehouse for storage.   It was conceded upon the trial that
the warehouse in which plaintiff's goods were stored was not fireproof,
and that the goods were entirely destroyed by fire.   The representa-
tion made by defendant that his warehouse was a fireproof one was
not the expression of an opinion, but was the representation of a
fact.   It also appears that such representation was false, and was
made for the purpose of inducing plaintiff to store his goods with de-
fendant; that plaintiff relied upon such representation, and was de-
ceived and injured thereby.   Under these circumstances, plaintiff was
entitled to a judgment against defendant for the damage sustained
by him.   Hickey v. Morrell, 102 N. Y. 454, 7 N. E. 321.

As usual in cases like this one, plaintiff placed a very high value
upon his destroyed property.   The defendant also estimated such loss,
and, of course, put a very low value upon the same.   The jury evi-
dently believed that plaintiff's estimate was too high, and defendant's

estimate was too low, and, exercising their prerogative, placed upon the goods a just and reasonable value, based upon the whole testimony. The finding ($500), we think, was not high, but just about right.

We also think that plaintiff's expert, who was produced to testify as to the value of the destroyed property, had enough knowledge of the value of such goods to give an opinion and estimate the value thereof. For many years he had purchased and sold such goods; also was present upon a great many occasions when purchases and sales of goods were made; and was an adjuster for the insured in many instances when property was destroyed or injured by fire. This experience was sufficient, we judge, to make him an expert, and a person fit to express an opinion as to the value of the goods in question, particularly in view of the fact that he was personally and intimately acquainted with their kind and character, having seen and examined them upon many occasions while in plaintiff's possession.

The appellant's contention that the plaintiff waived the "fireproof condition," we think, is not borne out by the evidence. We cannot find any evidence herein that would justify us in so deciding. We also think that plaintiff sustained the burden of proof, as he was required to do.

We believe that no error was committed. The judgment is therefore affirmed, with costs.