# New York Supplement

## VOLUME 57,

AND

## New York State Reporter,

## VOLUME 91.

---

BERLESCU v. STEARNS.

(Supreme Court, Appellate Term. March 24, 1899.)

STATUTE OF FRAUDS—AGREEMENT TO ANSWER FOR DEBT OF ANOTHER.
An oral 'promise to answer for the debt of another is not validated by the fact that the creditor, at the request of the promisor, granted indulgence to the debtor.

Appeal from municipal court, borough of Manhattan, First district.
Action by Jacob Berlescu against Oscar H. Stearns. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edwin R. Root, for appellant.
Louis Levy, for respondent.

LEVENTRITT, J. It is the contention of the plaintiff that one A. Chellborg was indebted to the firm of Randolph, Paige & Co. for goods sold and delivered; that, upon threatening suit, the defendant, who was the attorney for Chellborg, made an oral promise that, if indulgence were extended, he would pay Chellborg's debt. Upon his default, the plaintiff, to whom the claim was assigned, instituted this action, to which the defendant pleaded the statute of frauds. The plaintiff relied solely upon the verbal undertaking of the defendant, who, it was conceded, had signed no agreement, note, or memorandum to answer for the debt. Notwithstanding, judgment was rendered against the defendant. That disposition of the issue was clearly error. The promise was to answer for the debt of another, and, not

57 N.Y.S.—1

being evidenced by any writing, is void, under the statute of frauds, and is not validated by the fact that the creditor, at the request of the defendant, granted forbearance or indulgence to the debtor. Ackley v. Parmenter, 98 N. Y. 425. The judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.