FREEDMAN, P. J.    The judgment entered upon the verdict hav-
ing been affirmed by the ·general term of the city court, we cannot
consider the weight of evidence.    There is sufficient evidence to sus-
tain the judgment upon a breach of contract.    If it were necessary,
and the complaint would permit it, the judgment could even be
sustained on the theory that the evidence sufficiently established a
cause of action based on false representations.    This was done on
substantially the same state of facts in Dietz v. Yetter, 34 App. Div.
453, 54 N. Y. Supp. 258.    There is no evidence that the plaintiff
waived the condition as to the fireproof character of the defendant's
warehouse.    Moreover, the defendant, as bailee, is not in a position
to dispute the title of the plaintiff, from whom he received the prop-
erty.    It is well settled that a bailee or agent cannot, at law, dis-
pute the original title of the person from whom he received the prop-
erty, though he is at liberty to show that his bailor has parted with
his interest in the property subsequent to the bailment or to the de-
livery to the agent.    In the case at bar there is no pretense of any
subsequent parting by the plaintiff with his interest.    The case dis-
closes sufficient evidence from which the jury could find the value of
the goods destroyed.    None of the exceptions taken appear to have
sufficient merit to call for a reversal of the judgment.    Judgment
should be affirmed, with costs.

Judgment affirmed, with costs to the respondent.    All concur.

(27 Misc. Rep. 506.)

### GALLERSTEIN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term.    May 24, 1899.)

BILL OF PARTICULARS—AFFIDAVIT BY ATTORNEY.
    The affidavit of defendant's attorney is insufficient to warrant the grant-
ing of a motion for a bill of particulars.

Appeal from city court of New York, general term.

Action by Phineas Gallerstein, an infant, by William Gallerstein,
his guardian ad litem, against the Manhattan Railway Company.
From an order of the general term affirming an order requiring plain-
tiff to serve a bill of particulars (57 N. Y. Supp. 394),. plaintiff ap-
peals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ. ·

Emanuel Hertz, for appellant.
Charles A. Gardiner, for respondent.

FREEDMAN, P. J.    The motion resulting in the order appealed
from was based upon an affidavit of an attorney employed in the
office of the attorney for the defendant and upon the pleadings.
The only proof as to the alleged necessity of the order consisted in
the affidavit referred to.    That such an affidavit, even if made by the
attorney of record, is wholly insufficient, has been expressly deter-
mined in Dueber Watch-Case Mfg. Co. v. Keystone Watch-Case Co.
(Sup.) 21 N. Y. Supp. 342.    To. the same effect are Mayer v. Mayer

(Sup.) 51 N. Y. Supp. 1079; Van Olinda v. Hall, 82 Hun, 357, 31 N. Y. Supp. 495; Gridley v. Gridley, 7 Civ. Proc. R. 215. The order should be reversed.

Order reversed, with costs to appellant.

LEVENTRITT, J., concurs. MacLEAN, J., taking no part.