[Civ. No. 1368.    Second Appellate District.—June 11, 1915.]

## CHARLES KIRSTEIN, Respondent, v. BEKINS VAN AND STORAGE COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES—DESTRUCTION OF STORED GOODS—NATURE OF CONTRACT—STORAGE IN FIREPROOF BUILDING.—In this action to recover damages for the loss by fire of goods stored with the defendant, it it held that the evidence not only shows that there was an express contract that the goods were to be stored in a fireproof building, but that by reason of certain representations made by the defendant which induced the plaintiff to store his goods with it, the law implied a contract that the same were to be stored in such a building.

ID.—WAREHOUSEMEN—STORAGE OF GOODS IN FIREPROOF BUILDING—IMPLIED CONTRACT.—Where a warehouseman through and by means of his stationery, signs in and upon his office and warehouses, and advertisements upon his moving vans, as well as in other ways, represents to the public in general and holds himself out as engaged in furnishing fireproof storage only, the law implies a contract that goods stored by a person relying upon such representations will be stored in a fireproof building.

ID.—EVIDENCE—VALUE OF DESTROYED GOODS—WITNESSES—COMPETENCY OF PLAINTIFF.—The plaintiff in such an action is a competent witness to testify as to the value and cost of the destroyed goods, notwithstanding he was not a dealer therein, and an objection to such testimony on the ground that the witness was unqualified goes to the weight rather than the competency of the evidence.

ID.—INSTRUCTION—REASONABLE MARKET VALUE OF DESTROYED GOODS.— The giving of an instruction in such an action that "reasonable market value means the value which a person who desires to purchase a given piece of property will pay for the same when pur-

chasing from a person who is not forced to sell," is not erroneous, when given in connection with the instruction that "by reasonable market value, as herein used, is meant the price at which said goods would have been sold for on December 12, 1911, if the same had been placed upon the shelves and upon the counters of merchants dealing in such goods, whether new or second-hand, in the city of Los Angeles, and offered as such to the public at retail."

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Jones & Evans, and Collier & Clark, for Appellant.

Horace S. Wilson, and LeRoy M. Edwards, for Respondent.

SHAW, J.—Action to recover damages for the loss by fire of goods stored with defendant.

The case was tried before a jury which rendered a general verdict in favor of plaintiff, upon which judgment was entered. Defendant's motion thereafter made for a new trial was, by order of court, denied, and defendant appeals from both judgment and order.

The goods were by plaintiff and his assignor, in behalf of whom he also sued, consigned to defendant for storage for an agreed compensation. Defendant placed them in a nonfireproof building containing inflammable material, wherein a fire occurred destroying the goods.

The complaint contains three counts; one alleging the loss was due to defendant's negligence; another, that the goods were consigned to defendant upon an express contract whereby it agreed that they should be stored in a fireproof building; and the other, that defendant by public advertisements and in other ways represented to plaintiff and to the public in general that all its storage rooms were fireproof, which representations were known to and believed by plaintiff, and relying thereon he consigned the goods to defendant for storage.

Appellant insists that the evidence was insufficient to justify the verdict rendered. The contention is without merit. Plaintiff testified that, in response to a postal card received

from defendant stating that his goods had arrived from the east, he called at defendant's office, paid the freight bill and, expressing a desire to store the goods for an indefinite period, asked the rate for fireproof storage; ascertaining which, he then asked: "Is that fireproof?" to which defendant replied: "We have nothing but fireproof." Thereupon plaintiff stored the goods with defendant. Clearly, the contract of storage was made by plaintiff with defendant upon the understanding of both parties that the goods were to be placed in a fireproof building. Assuming a conflict of evidence upon this issue, the jury were justified in believing the testimony of plaintiff. Moreover, it was shown without contradiction that defendant, through and by means of its stationery, signs in and upon its office and warehouses, and painted upon its moving vans, as well as in other ways, represented to the public in general and held itself out as engaged in furnishing fireproof storage only; that plaintiff had frequently seen and was cognizant of the representations so made by such advertisements and relied thereon and believed that he was securing fireproof storage for his goods. Not only was there an express contract to store plaintiff's property in a fireproof building, but by reason of the representations made which induced plaintiff to consign his goods for storage to defendant, the law implies a contract that they were to be stored in a fireproof building. (2 Am. & Eng. Ency. of Law, p. 421; *Gruel* v. *Yetter*, 26 Misc. Rep. 841, [55 N. Y. Supp. 443]; *Dietz* v. *Yetter*, 34 App. Div. 453, [54 N. Y. Supp. 258]; *Wiley* v. *Locke*, 81 Kan. 143, [19 Ann. Cas. 241, 24 L. R. A. (N. S.) 1117, 105 Pac. 11].)

The chattels, consisting of household goods and personal belongings, a schedule of which was attached to the complaint, comprised a large number of articles, the list prices of which as given varied from five dollars for a hammock up to four hundred dollars for a piano, the aggregate of all of which, as listed and for which judgment was asked, amounting to $3947.50. The verdict was for seven hundred and fifty dollars. Plaintiff, a member of his family, and his assignor were called as witnesses to establish the value of the goods destroyed. Over defendant's objections to the reception of such testimony, made upon the ground that it was incompetent since it did not appear that the witnesses were qualified to testify touching the matter, their evidence as to value and

the cost of the goods when purchased was received. The contention of appellant appears to be based upon the theory that in order to entitle the testimony to admission the witnesses should have qualified as experts by showing that they had had experience as dealers in such articles, in support of which rule it cites section 447 of Wharton on Evidence, to the effect that "a witness called upon to give an opinion on the subject of value, whether offered as an expert or not, must lay a proper foundation for the introduction of his opinion, by showing he possesses the means to form an intelligent opinion, derived from an adequate knowledge of the nature and kind of property in controversy, and of its value." While the witnesses were not dealers in such goods, they testified that they did know the market value thereof and knew the cost of such goods. Mr. Wigmore in his work on Evidence, section 716, relating to personal property values, says: "The general test, that any one familiar with the values in question may testify, is liberally applied, and with few attempts to lay down detailed minor tests. The owner of an article whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth. The weight of his testimony (which often would be trifling) may be left to the jury." The testimony as to the cost of the goods was a circumstance tending to show value and was properly admitted. (*Levy* v. *Scott,* 115 Cal. 39, [46 Pac. 892]; *Angell* v. *Hopkins,* 79 Cal. 181, [21 Pac. 729].) It was for the trial court to determine whether the witnesses were qualified to testify as to the value of the articles, and there is nothing disclosed by the record which would justify this court in setting aside its ruling in permitting the testimony, objections to which went to the weight rather than to the competency of the evidence. The court instructed the jury that "in arriving at the reasonable market value of property, you may take into consideration the original cost of the property, its usage and condition." It is apparent from the record that the jury in arriving at its verdict considered the use to which the articles had been subjected, their condition, and other circumstances which in its opinion justified its conclusion.

Appellant assigns as error the giving of instruction No. VIII, which is as follows: "Reasonable market value means the value which a person who desires to purchase a

given piece of property will pay for same when purchasing from a person who is not forced to sell;'' in connection with which the court also instructed the jury as follows: ''By reasonable market value, as herein used, is meant the price at which said goods would have sold for on December 12, 1911, if the same had been placed upon the shelves and upon the counters of merchants dealing in such goods, whether new or second-hand, in the city of Los Angeles, and offered as such to the public at retail.'' Considered together, we perceive no objection to these instructions. The rule for fixing the value of lands adapted to some peculiar use (*San Diego Land etc. Co.* v. *Neale*, 88 Cal. 50, [11 L. R. A. 604, 25 Pac. 977]), does not apply to the ascertainment of values of used household goods and personal belongings.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.