[Civ. No. 1982.    Second Appellate District.—July 7, 1916.]

JOHN G. LYNCH et al., Respondents, v. BEKINS VAN & STORAGE COMPANY (a Corporation), Appellant.

WAREHOUSE—LOSS OF STORED GOODS BY FIRE—STORAGE IN FIREPROOF WAREHOUSE—EXPRESS CONTRACT—EXISTENCE OF IMPLIED CONTRACT IMMATERIAL.—Upon an appeal from a judgment in an action against a warehouse-keeper for the loss of stored goods by fire, the judgment must be sustained irrespective of whether an implied contract arose that the goods were to be stored in a fireproof warehouse, where the evidence amply sustains the finding that there was an express contract to that effect.

ID.—EVIDENCE OF EXPRESS CONTRACT—ADVERTISEMENTS AND PRINTED MATTER.—The admission of evidence showing representations by advertisements and printed matter, to the effect that the defendant had at its disposal fireproof warehouses and offered to customers to furnish storage of that kind, is without error, as it tends to corroborate the evidence of the plaintiff as to the express contract made and found by the court.

ID.—DIFFERENCES IN PRICES BETWEEN FIREPROOF AND NONFIREPROOF STORAGE.—The practice or habit of the defendant in charging a different price for storage, according to whether or not it was fireproof, is not admissible, in the absence of knowledge by plaintiffs of such fact prior to the contract of storage.

ID.—CHARACTER OF STORAGE—BOOK ENTRIES OF DEFENDANT—SELF-SERVING DECLARATIONS.—The entry made by defendant's agent in its order book at the time of the giving of the order to it for storage, not having been seen or known of by the plaintiff when the transac-

tion was closed, is self-serving, and not admissible to corroborate its evidence, consisting of the positive statement of its agent, contradicting plaintiff, that nothing was said in the conversation about fireproof storage, and that the contract was for nonfireproof storage.

ID.—CUSTOM AS TO LIMITATION OF LIABILITY—LACK OF KNOWLEDGE OF PLAINTIFFS—PROOF INADMISSIBLE.—In the absence of any misrepresentation made by plaintiffs as to the character of the stored goods, or that they refused upon demand to truly state that character, a general custom among warehousemen to insert in their receipts a provision limiting their liability for loss by fire to $50 per package, or one of refusing to accept antiques and jewelry of great value, is inadmissible.

ID.—IMPEACHMENT OF DEFENDANT'S AGENT—ADVERTISEMENTS.—Defendant's advertisement of ability to furnish fireproof storage, though unknown to plaintiffs, is admissible, for the purpose of contradicting defendant's agent's testimony that nothing was said about storage in a fireproof building.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Collier & Clark, and Jones & Evans, for Appellant.

Williams, Goudge & Chandler, for Respondents.

JAMES, J.—Plaintiffs in this case were awarded judgment for the sum of $11,376, as the value of certain household goods, antique articles, bric-a-brac, etc., which had been delivered into the charge of defendant as a warehouse-keeper. The merchandise had been transported from an eastern point to Los Angeles by a corporation, conducted as an adjunct to the defendant, although separate in its operation and management. On the arrival of the merchandise in Los Angeles plaintiffs visited the office of the defendant and there, through the agent of defendant, arranged for the storage of the goods. The merchandise was taken in charge by the defendant and stored in a warehouse near the railway station, but before a receipt therefor had been delivered to the plaintiffs a fire occurred which destroyed the warehouse and its contents, including the property of plaintiffs. The warehouse in which the property was stored, as has already appeared, was not fireproof. Plaintiffs in suing to recover the value of their

property alleged that an express contract had been made with them, that the storage should be in a fireproof warehouse; second, that irrespective of the express verbal contract, defendant had, by numerous advertisements which had come to the attention of plaintiffs, represented that the storage furnished by it was fireproof, and that the plaintiffs relied upon such representations; and nothing having been· said by any agent of the defendant to the contrary, by the storage of the goods with defendant, plaintiffs contended that an implied contract arose that the merchandise was to be protected in a fireproof building. Both of these contentions were sustained by the trial judge, although the further claim that the fire occurred through the negligence of the defendant was decided against the plaintiffs. An appeal was taken from the judgment.

The trial judge having determined that there was an express contract for the furnishing of fireproof storage, and·the record disclosing evidence amply sufficient to sustain that finding, the judgment should be affirmed unless alleged errors pointed out in the admission and rejection of testimony are found to be meritorious. We think it unnecessary to go into any discussion of the question as to whether the implied contract arose by reason of the printed representations made by defendant as to the character of storage furnished by it. On the part of the plaintiffs the testimony showed that when the order was given to the defendant to store the goods of the plaintiffs, inquiry was made on the part of the plaintiffs of the person in charge of defendant's office as to whether the storage would be "fireproof," to which the defendant's agent replied, "Oh, yes." The plaintiffs were strangers in the city of Los Angeles and were not acquainted with the buildings used by the defendant for warehouse purposes. It seems that the defendant had a fireproof storehouse under its control, which was at a greater distance from the railroad tracks than the nonfireproof building in which the goods were stored. It is admitted that the defendant was able to and could furnish, when required, storage which by reason of the character of the building would furnish absolute protection against fire. The admission of evidence showing representations by advertisements and printed matter, to the effect that the defendant had at its disposal fireproof warehouses and offered to customers to furnish storage of that kind, was without error,

as it tended to corroborate the evidence given by plaintiffs as to the express contract made and found by the court. That it also tended to furnish a basis for an implied contract, we need not discuss for the reasons already given.

It is claimed on the part of appellant that the court erred in rejecting the evidence of an entry made in the defendant's order book at the time of the giving of the order. This entry was made by the agent of defendant and it was offered as corroborative evidence tending to sustain defendant's contention that the contract was for nonfireproof storage. It was not claimed that the plaintiffs saw this entry or had any knowledge thereof at the time the transaction was closed. Such a declaration would be purely self-serving and incompetent to be introduced in evidence. It was not claimed that defendant's agent, when she testified, needed to refer to the order as a memorandum refreshing her recollection, for she testified very positively that nothing was said in the conversation to the effect that the storage to be furnished should be fireproof.

It is claimed again that the court erred in rejecting evidence as to the difference between the prices charged by the defendant for fireproof and nonfireproof storage. It is not contended that any knowledge of such difference had been conveyed to the plaintiffs prior to the making of the contract for storage, and, so far as they were concerned, this practice or habit of the defendant was a secret matter which could not in any way affect the contract. Defendant was allowed to show by its employee that the charge as made against the plaintiffs for the storage of their goods was a charge customarily made by it for nonfireproof storage. This evidence, no doubt, was considered by the trial judge in making up his conclusion of fact as to the existence of the express contract, the correctness of which conclusion we have no right to here consider—it must be deemed to be the fact. There was no error committed by the court in rejecting evidence offered by the defendant to prove a general custom among warehousemen to insert in warehouse receipts a provision limiting their liability for loss by fire to $50 per package, or a custom of refusing to accept antiques and jewelry of great value. Such a custom undisclosed to plaintiffs, as it was, could not have been considered to their detriment in the trial of the issues presented. There is no claim that there was any mis-

representation made by the plaintiffs as to the character of their goods, or that they refused upon demand to truly state that character. It is also contended that as to some of the evidence of representations by advertisements, there was no proof that the plaintiffs saw or relied upon such statements, and that the court for that reason should not have received the evidence. The evidence objected to under this head consisted of a calendar upon which was printed an advertisement that defendant was able to provide fireproof storage. It was objected that as the plaintiffs had not seen this calendar at the time they gave their order for storage, it furnished no evidence in support of their cause of action because they could not have relied upon such representations. The trial judge limited the effect of this evidence and admitted it for a proper purpose when he said: "They cannot claim that they relied upon the advertisement unless they saw it. They did not see it. They are not offering this in evidence to prove that they relied upon this, but to show that at that time the person representing the company with whom they were dealing knew that her company advertised that it had a fireproof building. That being so, there being one fireproof building and one that was not, it may legitimately be argued that if nothing was said about it being a fireproof building, she would naturally have said, 'We have one which is fireproof and one which is not; which do you want?' On the other hand, if the plaintiff did contract for a fireproof building, there would be no occasion for saying that, or for calling their attention to the fact that there was one fireproof building and one which was not, because if they had contracted for it and this witness knew it, she would either order the goods to be sent to the building which was fireproof or else notify them of not doing so. In other words, the advertisement of the fireproof warehouse is a circumstance that has some tendency to contradict her present testimony, to show that her recollection is not accurate; that is, that there is to some extent an inconsistency between her saying that there was no contract for a fireproof warehouse, and her knowledge that there was an advertisement that there was a fireproof warehouse." Mr. Collier (for the defendant) : "I see the purpose which the court presents." The Court: "That is the purpose for which it may be admitted. I presume that is the reason running through counsel's mind."

The brevity of this opinion may not seem commensurate with the voluminous record and briefs filed in this cause, but to our minds the appeal is entitled to no more extended consideration than has been given to it. The trial court, by its determination that an express contract had been made for fireproof storage, determined the whole case, except as the defendant might be able to show that there was error committed at the trial. We think that none of the contentions for error is of merit, and that the judgment should be affirmed.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.