[L. A. No. 4088.   Department One.—December 26, 1917.]

## RICHARD LAUX et al., Respondents, v. BEKINS VAN & STORAGE COMPANY, Appellant.

WAREHOUSEMAN — GOODS DESTROYED BY FIRE — ACTION — PROMISE TO STORE IN FIREPROOF WAREHOUSE—SUFFICIENCY OF EVIDENCE.—In an action against a warehouseman to recover for the loss of goods left for storage, with the promise that they would be stored in a fireproof warehouse, it is not necessary to prove that such promise was made by express words or declarations; actions and words from which it may reasonably be inferred will suffice.

ID.—AGREEMENT FOR FIREPROOF STORAGE — REPRESENTATIONS OF FIRE-PROOF CHARACTER OF WAREHOUSE—EVIDENCE—ADVERTISEMENTS.— In an action against a warehouseman for goods destroyed by fire, advertisements of the defendant to the effect that it furnished "fireproof storage," which were seen and relied on by the plaintiff, were properly admitted in evidence, since they had a direct tendency to prove an alleged contract to furnish fireproof storage, as well as representations alleged to have been made by the defendant that the warehouse was in fact fireproof.

ID.—EXCLUSION OF TESTIMONY—HARMLESS ERROR.—In such action, the exclusion of testimony offered by defendant of statements made by the plaintiff to a clerk of defendant was harmless, when it was not claimed by the defendant that the conversation related to an agreement to store the goods in a fireproof warehouse, or to anything about the character of storage, whether in a fireproof place or not, and there was no proposal to prove by the witness anything contrary to the statements of the plaintiff.

ID.—NEGLIGENCE—EXCLUSION OF EVIDENCE—ISSUE FOUND IN DEFEND-ANT'S FAVOR — APPEAL BY DEFENDANT — HARMLESS ERROR.—On an appeal by defendant, where the court found in defendant's favor, on the charge of negligence, the exclusion of evidence in defendant's favor on that issue, even if erroneous, was harmless.

ID.—EXCLUSION OF EVIDENCE—WAREHOUSE RECEIPT—APPEAL—RECORD. The exclusion of a warehouse receipt offered in evidence by the defendant, on the trial of such action, cannot be said to be erroneous when the record does not show what the receipt was, and it is not claimed that it contained anything to the effect that the goods were not to be stored in a fireproof warehouse, and there was no dispute that the storage was to be for hire.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial.   Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

Richard T. Lightfoot, for Appellant.

T. R. Archer, for Respondents.

SHAW, J.—The defendant appeals from the judgment and from an order denying its motion for a new trial. The plaintiffs delivered to defendant for storage certain household goods, to be stored in defendant's warehouse. A fire occurred in the warehouse while the goods were stored there and the goods were destroyed thereby. This action is for the recovery from the defendant of the value of the goods.

The complaint is in three counts. On the third count, charging negligence of defendant in failing to keep a watchman in the warehouse at night, the court below decided for the defendant, and that point is, therefore, not involved.

The first count alleges that the plaintiffs and defendant made an agreement, by which the defendant was to store the goods in a fireproof depository; that the goods were delivered to defendant for storage in pursuance of said agreement, and were stored by it in a warehouse not fireproof, and that while there stored they were totally destroyed by fire, by reason of the neglect of defendant to store them in a warehouse that was fireproof. The second count is the same as the first, excepting that instead of alleging a positive agreement that defendant should store the goods in a fireproof depository, it is alleged that in order to induce the plaintiffs to intrust the goods to the defendant for storage, the defendant represented to plaintiff that the warehouse of defendant, wherein the goods would be stored, if intrusted to it for storage, was fireproof; that plaintiffs, relying on said representations, and induced solely thereby, delivered the goods to defendant for storage. The court found in favor of plaintiffs on both of these counts.

The motion for a nonsuit was properly denied. There was evidence to the effect that the defendant was in the business of storing household goods for hire; that it had extensively and conspicuously advertised that it furnished "fireproof storage"; that the plaintiff Blanche G. Laux, who acted for the plaintiffs in the matter, had seen these advertisements and was induced thereby to apply to the defendant for storage

of the goods; that for that purpose she went to the main office of the defendant and said to the man at the desk therein that she wanted to store these goods and to be sure that they were absolutely safe; that they would be ready in a few days, and asked him the question, "Is your warehouse absolutely fireproof"; to which he answered, "Oh, certainly"; that she thereupon gave him the address where the goods could be had; that he directed her to telephone to the office when they were ready, and that defendant would then send a wagon, get the goods, and store them for her as requested; that in a few days she telephoned accordingly, and defendant got the goods, stored them in one of its warehouses that was not fireproof, and that thereafter the goods were destroyed by a fire which occurred in said warehouse. There was proof of the value of the goods. This evidence was sufficient proof of the agreement to store the goods in a fireproof warehouse, and also of the representations alleged, the reliance of the plaintiffs thereon, and of the placing of the goods in storage upon that reliance. It was not necessary that such an agreement should have been proven to have been made by express words or declarations. Actions and words from which it could reasonably be implied will suffice.

The court ruled correctly in admitting in evidence the advertisements above referred to. They had been seen by Mrs. Laux before she applied for the storage, she relied on them, they were issued by the defendant, and the inference is clear that they were made in order to attract custom, and with the intent by the defendant that such customers should see and believe the statements therein, and, relying thereon, apply for the storage of goods, upon the understanding that they would be stored in a place that was fireproof. They had, therefore, a direct tendency to prove the contract, as well as the representations alleged. On one of them, a six-page folder, there was a city map on one side, and on the other several advertisements of Bekins Van and Storage Company, and on one page a picture of a large building showing the words, "Bekins Fire-Proof Storage," in huge letters painted on it, and vans backed up on the street in front of it bearing the words, "Bekins Van & Storage Company," and immediately below it the words, "Bekins Fire-Proof Storage, 1335 So. Figueroa St." After the plaintiffs had rested their case evidence was given on behalf of the defendants tending to show that the

warehouse on Figueroa Street did not belong to the defendant company, but was the property of another company known as "Bekins Fire-Proof Storage Company." The defendant now makes the objection that the folder, so far as it shows this building, was incompetent and inadmissible to show representations by the defendant to the effect that it owned this warehouse. The objection made to the introduction of the folder in evidence at the time it was admitted did not include any statement that this warehouse did not belong to the defendant. The point was not mentioned. Upon its face the matter in the folder would raise the inference that the warehouse pictured was the property of the defendant. Nothing appearing to the contrary, the court ruled properly in admitting the folder without any limitation regarding this particular part of it. No motion was made upon the proof of the defendant coming in, to strike it out or to limit its effect. Furthermore, it clearly appears that it was an advertisement of the defendant and that its contents would lead anyone to believe that the defendant did own the said warehouse. This being the case, the defendant is responsible for the belief thus produced by its own advertisement, whether the statements therein are true or not, and the same would be evidence against it.

The testimony for the plaintiff showed that Mrs. Laux telephoned to the office of the defendant and informed the shipping clerk that the goods were ready, and asked that they be taken away on the following Thursday. The defendant called the shipping clerk as its witness, and asked her to testify to the conversation over the telephone with Mrs. Laux. She said that she was able to refresh her memory from the memorandum of the transaction made in the books of the company at the time by another employee. The court apparently understood her to say that she had no recollection of the transaction and knew only what the books disclosed, and thereupon it excluded her testimony as to the conversation. This ruling was erroneous, but we do not think it was prejudicial. It was not claimed by the plaintiff that any conversation with her over the telephone related to an agreement to store the goods in a fireproof warehouse, but merely that information was given of the time when the goods would be ready. It was not claimed by the defendant that the shipping clerk would testify that anything was said in her con-

versation with Mrs. Laux about the character of storage, whether in a fireproof place or not. There was no dispute over the fact that the information was given that the goods were ready and that in consequence of that information the defendant sent out its van, got the goods, and took them to its warehouse. It is obvious that the mere repetition by the defendant's witness of the notification which led the company to get the goods would add nothing to the defense. As there was no proposal to prove anything by that witness contrary to the statements of the plaintiff, the exclusion of her testimony was harmless.

The court excluded evidence of the entries made in the books of the company at the time of the telephone conversation aforesaid. It was proposed to show thereby that the words "pack and store" were inserted in the memorandum on the books, and that if the order had been for fireproof storage, a different entry would have been made. There was no error in this ruling. It is not contended that any conversation took place between the plaintiffs and the shipping clerk at the time of the telephone order, regarding the character of the storage, or that any entry was made in its books except at that time, nor did the defendant propose to show that the plaintiffs, or either of them, had any knowledge whatever of the entries made in the defendant's books. This being so, evidence of such entries would be inadmissible against the plaintiffs. In another ruling the court excluded testimony concerning the answers that the defendant's employees customarily gave to persons who made inquiries concerning the storage, packing, or shipping of goods. We cannot perceive that this evidence was admissible for any purpose unless brought home to the plaintiffs. The defendant did not offer to connect it with the plaintiffs in any manner. Inasmuch as the court found in favor of the defendant on the charge of negligence, the exclusion of evidence relating to that issue, even if erroneous, would not injure the defendant in any respect.

The defendant offered in evidence the warehouse receipt issued by the defendant after the goods had been received for storage. The court excluded the evidence. The receipt is not set forth in the record, and we have no means of knowing its contents or determining whether it would have been material to any issue or not. It is not claimed in the argu-

ment that it contained anything to the effect that the goods were not to be stored in a fireproof warehouse, or anything whatever on the subject of the character of the storage. Hence we cannot say that the ruling was erroneous. There was no issue or dispute over the proposition that the storage was for hire and that the defendant was to be paid reasonable charges therefor. If the receipt was intended to prove that fact, it was unnecessary. The defendant's order clerk was asked the question whether he ever had any conversation in which he agreed to store any property of the plaintiffs in fireproof storage, or accepted an order from plaintiffs to store their goods in a fireproof warehouse. The objection to the question was sustained. It would have been proper, of course, to have allowed the employees of the defendant in charge of its office at the time the contract was made to testify in contradiction of the evidence of Mrs. Laux on the subject. This witness, however, immediately prior to the asking of the question aforesaid, testified in answer to other questions on the subject that he never had any conversation with the plaintiff. It was useless after this statement to ask him to state that he had not had a particular conversation with the plaintiff. The general statement covered the whole subject. These comprise all the points urged in the briefs as cause for reversal.

As we find no prejudicial error in the record, the judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.