[L. A. No. 4192. Department Two.—April 15, 1918.]

EDITH C. HOOD, Respondent, v. BEKINS VAN AND STORAGE COMPANY, Appellant.

WAREHOUSES AND WAREHOUSEMEN—LOSS OF GOODS BY FIRE—CONTRACT FOR FIREPROOF STORAGE — EVIDENCE — REPRESENTATIONS, BY ADVERTISEMENT.—In an action against a warehouse company to recover the value of goods destroyed by fire while stored with the defendant under an alleged contract that they were to be stored in a fireproof warehouse, it was not error to admit evidence showing representations by advertisements and printed matter to the effect that the defendant had at its disposal fireproof warehouses, and offered to its customers to furnish storage of that kind, as the evidence tended to corroborate the evidence given by plaintiff as to the express contract made.

ID.—VALUE OF GOODS — TRIAL BY COURT — EVIDENCE — UNCERTAIN AND CONTRADICTORY TESTIMONY.—Where such action was tried by the court without a jury, and the only evidence as to the value of the goods was the testimony of the plaintiff, the value and weight of the testimony was a question for the determination of the trial judge, and if that testimony, however uncertain or contradictory, satisfied the trial judge of the value of the goods, it was not for an appellate court to disturb the judgment.

Id.—Expert Testimony—Determination of Qualification.—It was for the trial court to determine whether the plaintiff was qualified to testify as to the value of the goods, and its ruling in that respect is not subject to review on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

R. T. Lightfoot, for Appellant.

Shepard, Alm & Swenson, and Francis H. Boland, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Plaintiff sued to recover the value of certain household goods which under an alleged express contract made with defendant were to have been by it stored in a fireproof depository for a compensation agreed upon.

The goods were stored in a nonfireproof building, wherein a fire occurred which destroyed the same.

The court found the contract was made as alleged by plaintiff and that the value of the goods deposited was the sum of one thousand five hundred dollars, for which judgment was rendered in favor of plaintiff, and from which, and an order denying its motion for a new trial, defendant appeals.

It appears that defendant had inserted in a telephone directory an advertisement that it was engaged, among other things, in the business of storing household goods and furniture for compensation and that its warehouses and storagerooms were fireproof, the effect of which was well calculated to lead customers and persons dealing with it to believe that it was not only prepared to but did store the goods consigned to it by customers in fireproof depositories. It having been made to appear that plaintiff's agent, prior to making the alleged agreement, had read this advertisement, the same was, over defendant's objection, admitted in evidence. There was no error in this ruling. While the action was based upon an alleged express contract, in support of which direct evidence was offered, nevertheless, as stated in *Lynch* v. *Bekins Van & Storage Co.,* 31 Cal. App. 68, [159 Pac. 822], wherein a like question was involved, "the admission of evidence showing representations by advertisements and printed matter, to the

effect that, the defendant had at its disposal fireproof warehouses and offered to customers to ·furnish storage of that kind, was without error, as it tended to corroborate the evidence given by plaintiffs as to the express contract made and found by the court.''

The only evidence offered touching the question of the value of the goods destroyed was that of plaintiff herself. Appellant insists not only that she failed to qualify as a witness competent to testify upon the subject, but that her testimony was so uncertain and contradictory that it was not entitled to any weight whatsoever in considering the question. The value of her evidence and weight thereof was a question for the determination of the trial judge. Her testimony, however uncertain and contradictory, was, nevertheless, the only evidence offered bearing upon the subject, and since it satisfied the trial judge that the value of the goods alleged in the complaint to be worth upward of three thousand dollars was in fact one thousand five hundred dollars, it is not the province of this court, upon a review thereof, to determine otherwise. As to the other objection, namely, that she was not qualified to testify, Mr. Wigmore in his work on Evidence, section 716, in discussing the subject, says: ''The general test, that *anyone familiar* with the values in question may testify, is liberally applied, and with few attempts to lay down detailed minor tests. *The owner of an article,* whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury.'' And in *Kirstein* v. *Bekins Van & Storage Co.,* 27 Cal. App. 586, [150 Pac. 999], where the court was considering the point here made·in a similar case, it was said: ''It was for the trial court to determine whether the witnesses were qualified to testify as to the value of the articles, and there is nothing disclosed by the record which would justify this court in setting aside its ruling in permitting the testimony, objections to which went to the weight rather than to the competency of the evidence.'' To like effect is *Willard* v. *Valley Gas & Fuel Co.,* 171 Cal. 9, [151 Pac. 286].

In our opinion, the three cases above cited are decisive of the questions presented upon this appeal.

The judgment and order are affirmed.

Wilbur, J., and Melvin, J., concurred.