[L. A. No. 4557. Department Two.—November 23, 1918.]

CHARLES R. PRICE, Respondent, v. BEKINS VAN & STORAGE COMPANY (a Corporation), Appellant.

WAREHOUSEMAN—ACTION FOR DESTRUCTION OF GOODS BY FIRE—ERRONEOUS ADMISSION OF EVIDENCE—WHEN IMMATERIAL.—In an action for the value of goods destroyed by fire in a warehouse, where the complaint was in two counts, the first alleging that defendant falsely represented to plaintiff that his goods were in a fireproof building customarily guarded by watchmen, night and day, to prevent loss by fire, upon which representation plaintiff alleges he left his property in defendant's custody and agreed to pay a monthly storage, and the second count contained a statement of a cause of action for conversion, it is immaterial whether or not the evidence relative to the issue of negligence in the second count was erroneously admitted, and whether or not an instruction thereon was correct, where the first cause of action was sustained by evidence admittedly free from error.

ID.—GENERAL VERDICT—IMPORT OF.—A general verdict for plaintiff imports a finding in his favor on all the averments of the complaint material to his recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oliver O. Clark, Frank C. Collier, and Claud B. Andrews, for Appellant.

Goudge, Williams, Chandler & Hughes, and Goudge, Robinson & Hughes, for Respondent.

MELVIN, J.—Defendant appeals from a judgment and an order denying its motion for a new trial.

The suit was for the value of goods destroyed by a fire, which consumed defendant's warehouse in which plaintiff's property was stored.

The amended complaint was in two counts. In the first it was alleged that defendant falsely represented to plaintiff that his goods, placed in storage with defendant, were in a fireproof building customarily guarded by watchmen, night and day, to prevent loss by fire. It was also averred that, relying upon these representations, plaintiff left his property in defendant's custody and agreed to pay a certain monthly charge to defendant for such storage. The second count contains a statement of a cause of action for conversion.

Appellant contends that the court erred in admitting evidence of the fact that certain other warehousemen in Los Angeles employed watchmen at their warehouses, and in instructing the jury that such evidence was admissible and might be considered by the jurors in arriving at their verdict as to what defendant should have done to protect plaintiff's goods.

Respondent insists that the first cause of action was sustained by evidence admittedly free from error; that the issue of negligence was raised by defendant in its answer to the pleading of the second cause of action, wherein said defendant alleged that the loss by fire was without fault on its part, and that, even if it should be conceded for the purpose of argument that general custom among ordinarily careful warehousemen may not be proven by the method followed by plaintiff, nevertheless the verdict being sustained by ample

evidence, free from error in its introduction, establishing the validity of the first cause of action, the error, if any, is immaterial. This contention must be upheld. A general verdict for plaintiff imports a finding in his favor on all the averments of the complaint material to his recovery. (*Tremble* v. *Tuman,* 175 Cal. 696, [167 Pac. 142].) In this case it is conceded that the first cause of action was supported by a showing which was untainted by error under the authorities. (*Kirstein* v. *Bekins Van & Storage Co.,* 27 Cal. App. 586, [150 Pac. 999]; *Lynch* v. *Bekins Van & Storage, Co.,* 31 Cal. App. 68, [159 Pac. 822]; *Laux.* v. *Bekins Van & Storage Co.,* 177 Cal. 63, [169 Pac. 1012]; *Hood* v. *Bekins Van & Storage Co.,* 178 Cal. 150, [172 Pac. 594].) It, therefore, becomes immaterial whether or not the evidence relative to the issue of negligence in the second count was erroneously admitted, and whether or not the instruction thereon was correct.

The judgment and order are affirmed.

Lorigan, J., and Wilbur, J., concurred.