**CLARKE v. WELCH, Collector of Internal Revenue (two cases).**

District Court, S. D. California, Central Division.

Nov. 19, 1930.

564

Claude I. Parker and Ralph W. Smith, both of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal. (Ignatius F. Parker, Asst. U. S. Atty., of Los Angeles, Cal., of counsel), C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Richard W. Wilson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

HAZEL, District Judge.

The single question submitted is whether the 250 shares of stock received by Mrs. Clarke and her husband, respectively, on April 24, 1923, possessed a readily realizable market value, as that term is defined by the Revenue Act of 1921 (section 202, subd. c, 42 Stat. 230). There is no question as to the intendment of the statute, or regulations pertaining thereto, which, I conceive, contemplates that property, real, personal, or mixed, shall not be subject to income taxes unless on transfer the property received in exchange has a readily realizable market value; and it is invested with such value if it can readily be converted in an amount of cash or its equivalent substantially equal to its fair value (see article 1564, Reg. 62); and it is stated that whether property has a readily realizable market value depends upon the facts and circumstances in each particular case.

Tested by this rule, I am constrained to hold that there was no evidence that the oil stock could have been readily sold in the market at approximately its par value. No sales were made of the 250 shares allotted to husband and wife, respectively, and consequently there were no gains or profits. Indeed, at such time the enterprise was involved in uncertainty as to the outcome. It cannot in fairness be regarded as income, in my opinion, until a market value is established or unless it appears that a certain amount of gain is realizable therefrom. Sales to friends and acquaintances, as distinguished generally from sales to the public, it has been ruled, do not create a market value. Swenson v. Commissioner, 14 B. T. A. 675. And see Ault, etc., v. Commissioner, 17 B. T. A. 665; Ott v. Commissioner, 15 B. T. A. 867. It is true that sales determine a fair market value, but the circumstances under which they were made cannot be ignored. Phillips v. U. S. (D. C.) 12 F.(2d) 598; Heiner v. Crosby (C. C. A.) 24 F.(2d) 191. That the opinion testimony of plaintiff and the expert opinions of other witnesses is entitled to consideration is amply supported by the decisions of this state. See Willard v. Valley Gas & Fuel Co., 171 Cal. 14, 151 P. 286; Hood v. Bekins, etc., 178 Cal. 152, 172 P. 594. Nor is the inference of par value of the bonus stock to plaintiff and her husband warranted from the mere fact that Elliott availed himself of the option and gave stock in lieu of cash, since his testimony is to the effect that there was doubt as to whether the stock, or any substantial part thereof, could have been marketed by him. That plaintiff and her husband might have privately sold the stock and thus concealed their withdrawal as stockholders is not of material importance. See Heiner v. Crosby, supra. The fact that they elected to hold it and continue with their friends in a venturesome enterprise does not alter the peculiar circumstances under which the stock was held by the subscribers, or that no fair market value existed or fair price on sale was obtainable.

I have considered the arguments of counsel for the defendant and have read the quotations from authorities to which my attention is drawn. But in those cases the board, no doubt, not only had evidence of a few market sales, but were satisfied that the corporation was of such character as to justify the determination that, had there been other offers to sell, the seller would have "realized an equal or greater amount per share" than the sales that were made at $75 per share, as was the case in Appeal of J. W. Solof, 1 B. T. A. 776. The evidence before me, as I see it, outweighs the prima facie showing of the United States, and the conclusion is not, I think, unwarranted that it preponderatingly appears that the shares of stock received by Mrs. Clarke and her husband did not have a realizable market value, and that no tax is assessable thereon until there is a transfer, exchange, or sale upon a basis of fair market value.

I find the facts to be as set forth in the findings of facts and conclusions of law submitted by plaintiff. Plaintiff is entitled to judgment as demanded in the complaint.