[Crim. No. 395.   Fourth Appellate District.—May 10, 1940.]

THE PEOPLE, Respondent, v. E. V. NICHOLSON, Appellant.

Francis C. Mackall for Appellant.

Earl Warren, Attorney-General, and John L. Nourse and Bayard Rhone, Deputies Attorney-General, for Respondent.

MARKS, J.—By an amended information defendant was charged with the crime of burglary and with two prior convictions of burglary under which he had served sentences in the state penitentiaries. Defendant pleaded not guilty, not guilty by reason of insanity, and denied the prior convictions. He was found guilty of burglary in the second degree, and sane. The jury also found that he had suffered the two prior convictions. He was sentenced as an habitual criminal. The only questions presented on this appeal are under that portion of the sentence.

Defendant urges that the amended information is defective in that it fails to charge in so many words that he had been "previously twice convicted upon charges separately brought and tried" and that he had "served separate terms therefor in any State prison". (Sec. 644, Pen. Code.) This contention is without merit. The pleading alleges that defendant was tried and convicted of the crime of burglary in the Superior Court of the County of Los Angeles; that judgment was pronounced upon him in that court on December 21, 1922, under which he served a term in the state prison. It also alleges that he was tried and convicted of the crime of burglary in the Superior Court of San Diego County; that judgment was pronounced upon him in that court on October 28, 1924, under which he served a term of imprisonment in the state prison.

These allegations satisfy the quoted portion of the code section. As it was alleged that he was tried in separate counties at different times and served a prison term under

each sentence pronounced in each county, it follows that it was sufficiently alleged that the charges against him were separately brought and tried and that his periods of confinement were separate. (See *People* v. *Nicholson,* 34 Cal. App. (2d) 327 [93 Pac. (2d) 223].)

■ Defendant complains because, in the verdicts of the jury, it was found that each charge of a prior conviction was true without finding further that he had served separate terms in the state prisons under those convictions. The contention is without merit. The verdicts satisfy the requirements of section 1158 of the Penal Code. (*People* v. *McKinley,* 2 Cal. (2d) 133 [39 Pac. (2d) 411].)

■ It is next contended that there is no evidence that defendant had served separate terms under his prior convictions. The evidence to the contrary is conclusive. Duly certified copies of the records of his convictions in Los Angeles and San Diego Counties, together with the records of his confinements in San Quentin and Folsom prisons, were produced in evidence. It was proved that the finger prints on these records were those of defendant.

■ The prison record shows that defendant was received at San Quentin on December 21, 1922, was given a three year term and was released on parole on December 21, 1923; that he was received at Folsom on October 28, 1924; that he completed serving his term under his first sentence on April 21, 1925; that he continued in that prison and served his term under his second sentence. This evidence clearly shows that he served separate terms under his two prior convictions. (*In re Brady,* 5 Cal. (2d) 224 [53 Pac. (2d) 945].)

The judgment and the order denying defendant's motion for new trial are affirmed.

Barnard, P. J., and Griffin, J., concurred.