[Civ. No. 17006.   Second Dist., Div. Two.   Oct. 4, 1949.]

J. A. HAGAN, Appellant, v. E. E. ALLEN et al.,
Respondents.

Earl Curtis Peck and Jesse A. Hamilton for Appellant.

Vetran Ricca and Henry W. Wyatt for Respondents.

MOORE, P. J.—The questions for decision are: whether respondent contracted to install a steam generator and whether the evidence supports the findings.

· Appellant manufactures cheese. Respondent fabricates steam generators. On August 2, 1946, respondent through its president Allen contracted to construct and deliver a steam generator to appellant's place of business. At the same time respondent advised appellant that a steam separating tank should be attached to the steam generator to insure the delivery of dry steam under usual working conditions; that an expert would be required to set the controls initially but anyone thereafter could operate it. In response to such statements appellant informed respondent that he and his employees would "build and attach the steam separating tank." Respondent built the generator and on August 9, 1946, delivered it to appellant's place of business. After the generator had been installed appellant changed the controls and adjustments and did not attach a steam separating tank. On discovering such conditions respondent instructed appellant that the controls and adjustments must not be changed and that the separating tank must be attached in the absence of an expert to operate the generator. From appellant's refusal to follow respondent's advice, his damage resulted and this action was commenced to recover damages for spoiled cheese and loss of profits allegedly due to breach of warranty. Respondent counterclaimed for the price of the generator.

■ Appellant asserts that because respondent was not licensed to install steam equipment the latter was precluded from recovering on its counterclaim the contract price of the generator, citing sections 7031 of the Business and Professions Code.* Thereby appellant overlooks the fact that respondent's claim was not based upon services rendered in installing the generator, but upon the contract price for the equipment delivered. Allen informed appellant that his company had no contractor's license and appellant thereupon took full responsibility for the installation. There is no proof that by their contract the parties contemplated that respondent should install the equipment nor may such an inference be drawn from the testimony of Allen, to wit: ''We proceeded to help in the installation of the job.'' The effect of the contract was the sale of a steam generator and nothing more. (*Rutherford* v. *Standard Engineering Co.,* 88 Cal.App.2d 554, 562 [199 P.2d 354].)

■ Furthermore, there is nothing in the record to indicate that the contract violated the Contractor's State License Act other than appellant's assertions on this appeal. It is the rule where a case has been tried on one theory, that theory must be adhered to in the reviewing court. To allow a litigant after an unsuccessful trial to change his position and adopt a different theory on appeal would be unfair to the trial court and to opposing counsel. (*Blanc* v. *Connor,* 167 Cal. 719, 726, 727 [141 P. 217]; *Marra* v. *Aetna Construction Co.,* 15 Cal.2d 375, 379 [101 P.2d 490]; *Mathews* v. *Pacific Mutual Life Insurance Co.,* 47 Cal.App.2d 424, 428 [118 P.2d 10].) Therefore, having predicated his complaint and his defense to the counterclaim upon the validity of his contract appellant may not for the first time on appeal challenge its legality.

Appellant contends that findings three, four, five, six, seven, and eight are self-contradictory, unsupported by the evidence and inconsistent with other uncontroverted findings. Such contention is well taken. But from a reading of the record of the trial it is readily apparent that the findings referred to except the second paragraph of finding four are not necessary to the judgment. In addition, all of finding 15 falls

---

*''No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract.

into the same category. Since such findings are superfluous, an attempted justification of them would serve no purpose.

Appellant also contends that finding 11 that "defendant told plaintiff's manager that a steam separating tank must be installed to insure the production of the dry steam required by plaintiff" is unsupported by the evidence. On the contrary the direct testimony of Allen discloses that he so stated to appellant on August 1, and again on August 11, 1946. He was corroborated by witnesses Oxley and Wartenberg. The finding is therefore supported by substantial evidence.

Appellant's next contention is that there is no evidence to support finding 16 that appellant was told that the apparatus must be operated by an expert and exactly as delivered. The testimony of Allen is to the contrary: "Q. Mr. Allen, did you tell Mr. Hagan that this generator of your's would have to be operated by an expert? A. It would have to have an expert to set the controls and after that anyone could operate it provided they left it alone." Such testimony is ample support for the finding. (*Rinker* v. *McKinley,* 65 Cal. App.2d 109, 110 [149 P.2d 859] ; *Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].)

Appellant's final contention is that the court erred in finding there was no express warranty made by respondent and in not finding at least an implied warranty. No testimony is indicated in the record which would have supported a finding of an express warranty. The second paragraph of finding four is a clear and definite declaration that respondent made no warranties as alleged by appellant. The record is devoid of evidence that could be so construed.

Assuming, as appellant contends, that there is in the record some evidence from which the court could have found that an implied warranty was made, there is also in the record the testimony of Allen that he had told appellant that the installed equipment would not produce the desired results unless there was also installed a steam separator. Such testimony completely negates the assertion that a warranty of any kind was intended by respondent. Moreover, it is a clear showing that respondent knew the equipment was insufficient, so informed appellant, and installed it only after appellant's assurance that it would suffice. Appellant had on the premises a separator which had been formerly used and which he assured respondent would be incorporated into the new system.

Since both parties contemplated the use of additional equipment, it cannot be said that respondent warranted or that appellant expected the apparatus which was installed adequately to perform without assistance.

Plaintiff's appeal from the order denying his motion for a new trial being nonappealable is dismissed. Judgment affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 28, 1949. Carter, J., and Schauer, J., voted for a hearing.