COUGHLIN, J.
 

 This is an appeal from a judgment after verdict awarding attorney’s fees. The plaintiff, respondent herein, is the assignee of two claims for attorney’s fees; one for $11,000 and another for $542.30; by amended complaint set forth each claim under an express contract count and also under an implied contract count; and obtained judgment, after a jury trial, based on a general verdict in her favor in the total sum of $11,000. The defendant, appellant herein, answered; denied generally the allegations of the amended complaint; did not allege any special defenses; and appealed from the judgment entered.
 

 The $11,000 claim was for services rendered by an attorney
 
 *551
 
 named Thomasset. The $542.30 claim was for services rendered by an attorney named Morton. On appeal the contest centers about the former, and no contention is made with respect to the latter.
 

 In the amended complaint the causes of action upon the Thomasset claim were stated in two counts; both set forth the rendition of legal services; in one thereof it was alleged that the defendant expressly agreed to pay Thomasset the sum of $11,000 for these services; and the other alleged an implied agreement to pay the reasonable value thereof. The express contract cause of action is based on an oral contingency fee agreement, the existence of which, although denied by the defendant, is supported by substantial evidence. The agreement in question was made when the relationship of attorney and client already existed between the parties. Relying on this fact and the rule that such an agreement is presumed to be entered into by the client without adequate consideration and under undue influence
 
 (Rader
 
 v.
 
 Thrasher,
 
 57 Cal.2d 244, 249-250 [18 Cal.Rptr. 736, 368 P.2d 360]), the defendant contends that the verdict is not supported by the evidence because there is no proof overcoming this presumption. The defenses of undue influence or lack of consideration were not set forth in the answer; were not made issues by the pretrial order; were not referred to in the defendant’s opening statement; allegedly were not raised in any argument to the jury; were not the subject of any jury instructions either given or requested; and were not presented on the motion for a new trial. In reply the defendant makes a two-fold contention, i.e., (1) that the defenses in question should not be considered because they are raised for the first time on appeal; and (2) there is ample evidence overcoming the presumption.
 

 The contingency fee contract in question concerned the services to be rendered in connection with an eminent domain proceeding by which a school district sought to acquire the defendant’s land. In a previously instituted similar action by a county, which had been dismissed, Thomasset also represented the defendant under a contingency fee arrangement. The terms of both contingency fee contracts were substantially similar in that in each thereof Thomasset was to receive 10 per cent of whatever would be recovered. At the time the school district action was commenced the defendant asked Thomasset if the latter would represent him on the same basis that he handled the county action. Under the county case agreement the attorney’s fee was to be 10 per cent of what
 
 *552
 
 ever was recovered or 50 per cent o£ the difference between' the amount offered by the condemning agency and the amount eventually recovered. No offer' of any amount had been made to the defendant and, as a consequence, the 10 per cent contingency fee was agreed upon.
 

 The defendant had executed an agreement with an oil company to drill for oil on his property. After commencement of the school district’s action Thomasset prevailed upon it to release from condemnation all portions of the property below .500 feet in depth and, contemporaneously, obtained consent from the oil company to release its claim to any portion of the property above the 500-foot level. In due course Thomasset arranged for an appraisal of the property and a $125,000 valuation was placed thereon. After several discussions with the attorney for the school district Thomasset obtained an offer of $87,000 for the defendant’s property; submitted the offer to the defendant, who rejected it; did not recommend acceptance; and endeavored to get a better offer through the attorney in question but without avail. Subsequently, Thomas-set received an offer of $110,000 from a negotiator for the school district; presented this offer to the defendant; recommended its acceptance; and, after considerable discussion, was advised by the defendant that he would accept the offer so made. During the discussion in question, among other things, thé defendant asked Thomasset whether, in the event the offer were accepted, he would reduce his fee; was told that he would not; also was told that in the event the case went to trial the fee would be 10 per cent of the present offer, i.e., $11,000, even though the amount awarded were less; indicated his acquiescence; and, upon request, was told that the claim for fees in two other matters would be released in the event the $11,000 fee were paid. Thereafter, Thomasset advised the negotiator that the defendant had accepted the $110,000 offer; endeavored to effect disposition, of the matter through a stipulated judgment; was.rebuffed in this endeavor by the attorney for the "school district who refused to approve the offer made by the negotiator; and eventually effected a settlement through an escrow proceeding by which the school district acquired title through purchase.
 

 In the meantime the defendant advised Thomasset that hé had changed his mind and was not going to'accept the $110,000 offer; was told to obtain some additional information; made further inquiries; and, a few days before trial, again advised his. attorney that he woqld. settle for the amount offered.
 

 
 *553
 
 The transaction was consummated through escrow; the defendant received the money payable to him; but refused to pay Thomasset the $11,000 fee.
 

 A contingency fee contract between an attorney and client which is made during the existence of the attorney-client relationship, is subject to the presumption that it was entered into by the client under undue influence and without adequate consideration.
 
 (Rader
 
 v.
 
 Thrasher, supra,
 
 57 Cal.2d 244, 249-250). However, it would be manifestly unfair to permit the client, whose sole contention before the trial court was that he never entered into such a contract, to change the issue on appeal and contend that the contract was obtained from him through undue influence and was not supported by an adequate consideration.
 
 (Marra
 
 v.
 
 Aetna Construction Co.,
 
 15 Cal.2d 375, 379 [101 P.2d 490];
 
 Winberry
 
 v.
 
 Lopez,
 
 178 Cal.App.2d 672, 677 [3 Cal.Rptr. 245];
 
 Du Pre
 
 v.
 
 Bogumill,
 
 173 Cal.App.2d 406, 414 [343 P.2d 415]
 
 Hagan
 
 v.
 
 Allen,
 
 93 Cal.App.2d 854, 856 [210 P.2d 65];
 
 Munfrey
 
 v.
 
 Cleary,
 
 75 Cal.App.2d 779, 785 [171 P.2d 750].) The plaintiff, as assignee of the contract under consideration, or the attorney whose conduct is questioned, were not advised in any manner, at any time before appeal, that the defendant intended to assert undue influence upon the part of the attorney in obtaining the contract or that the consideration therefor was inadequate. The circumstances in this case justify application of the general rule that where questions other than of law alone are presented a party should not be permitted to change his position and adopt a new theory on appeal.
 
 (Barrera
 
 v.
 
 De La Torre,
 
 48 Cal.2d 166, 172 [308 P.2d 724];
 
 Panopulos
 
 v.
 
 Maderis,
 
 47 Cal.2d 337, 340-341 [303 P.2d 738];
 
 Du Pre
 
 v.
 
 Bogumill, supra,
 
 173 Cal.App.2d 406, 414.)
 

 Furthermore, there is ample evidence to overcome the presumptions in question. Whether the subject contract was the result of undue influence or not supported by an adequate consideration is to be determined as of the time it was entered into.
 
 (Rader
 
 v.
 
 Thrasher, supra,
 
 57 Cal.2d 244, 252.) The defendant asked Thomasset to accept employment in the school district case on the same basis that he had been employed in the county case. The evidence is sufficient to support a finding that the terms of the contract were fairly expressed; that the attorney would render his services on a contingency basis; that 10 per cent of the amount recovered would constitute the fee to be charged for those services; that there was no overreaching; that the defendant was not re
 
 *554
 
 quired to employ Thomasset; that the agreement was fair; and that it was entered into in good faith. There is substantial evidence, apparently introduced on the employment contract cause of action, which would support a finding that the consideration for the agreement in question was adequate. The testimony of three attorneys, who were qualified to give an opinion in the premises, would support findings that a contingency fee of from 10 per cent to 15 per cent of the recovery in eminent domain cases, either by way of trial or settlement, was fair and reasonable, and that the services rendered by Thomasset were worth from $11,000 to $15,000.
 

 “A contingent fee contract, since it involves a gamble on the result, may properly provide for a larger compensation that [sic] would otherwise be reasonable.”
 
 (Estate of Raphael,
 
 103 Cal.App.2d 792, 796 [230 P.2d 436].) The evidence is sufficient to overcome both presumptions.
 

 The defendant directs attention to the discussion between himself and Thomasset at the time the $110,000 offer was first submitted, wherein Thomasset asserted that if this offer were not accepted the defendant would have to pay him $11,000 even though the amount recovered by trial was less than the amount offered; claims that the context of this discussion unequivocally establishes a modification of the original contingency fee contract; and bases several arguments in support of a reversal on this premise. We need not consider these various arguments because the premise is based on the defendant’s interpretation as to the effect of the subject discussion. The plaintiff claims that Thomasset’s assertion was merely a statement of his belief that as he had procured an offer of $110,000 for the property, if they went to trial and received a lesser amount, he should be entitled to his contractual percentage of the amount offered; that the remarks in question were intended as an interpretation of the original contract and an explanation of the defendant’s obligation thereunder; that there was no demand for a modification as Thomasset declared his intention to proceed to trial if that was the defendant’s wish; and that no modification took place. The evidence reasonably supports this conclusion. Thomasset never refused to proceed to trial but, on the contrary, offered to continue to represent the defendant even though he urged acceptance of the $110,000 offer. The defendant accepted; then rejected; and finally accepted that offer. The evidence shows that in making his final acceptance, the defendant acted voluntarily; was not influenced by Thomasset’s assertion with respect to the amount
 
 *555
 
 of fee payable under his contract; and was convinced from an independent investigation that acceptance was proper. On appeal that interpretation of the evidence which will support a verdict, providing it is reasonable, must be accepted.
 
 (Thomas
 
 v.
 
 Hunt Mfg. Corp.,
 
 42 Cal.2d 734, 736 [269 P.2d 12];
 
 Adoption of Curtis,
 
 195 Cal.App.2d 179, 183 [15 Cal.Rptr. 331].) In adherence to the foregoing rule the plaintiff’s interpretation of the evidence respecting the discussion in question must be accepted and the defendant’s interpretation thereof must be rejected.
 

 It also should be noted that the jury rendered a general verdict in this ease; that such a verdict imports findings in favor of the prevailing party on all material issues
 
 (Tremble
 
 v.
 
 Turnan,
 
 175 Cal. 696, 698 [167 P. 142];
 
 Hope
 
 v.
 
 Arrowhead & Puritas Waters, Inc.,
 
 174 Cal.App.2d 222, 227 [344 P.2d 428];
 
 Behr
 
 v.
 
 County of Santa Cruz,
 
 172 Cal.App. 2d 697, 712 [342 P.2d 987]); that if the evidence supports implied findings on any set of issues which will sustain the verdict it will be assumed that the jury so found
 
 (Hudgins
 
 v.
 
 Standard Oil Co.,
 
 136 Cal.App. 44, 50 [28 P.2d 433]); that the court on appeal does not have to speculate on what particular ground the jury may have found in favor of the prevailing party
 
 (Hope
 
 v.
 
 Arrowhead & Puritas Waters, Inc., supra,
 
 174 Cal.App.2d 222, 227); that the jury was entitled to reject the respective contentions of the plaintiff that a contingency fee contract was entered into and of the defendant that an hourly fee basis was agreed upon, but. find that legal services had been rendered at the latter’s request by both Thomasset and Morton, and that the reasonable value thereof was $11,000 (see
 
 People
 
 v.
 
 Davis,
 
 48 Cal.2d 241, 248 [309 P. 2d 1];
 
 People
 
 v.
 
 Crooker,
 
 47 Cal.2d 348, 353 [303 P.2d 753];
 
 Cottle
 
 v.
 
 Gibbon,
 
 200 Cal.App.2d 1, 6-7 [19 Cal.Rptr. 82]); that the evidence adequately supports the verdict on the latter basis; and that, for these reasons, the contentions on appeal respecting the insufficiency of the evidence in the particulars heretofore considered are immaterial.
 
 (Price
 
 v.
 
 Bekins Van & Storage Co.,
 
 179 Cal. 326, 328 [176 P. 452].)
 

 The judgment is affirmed.
 

 Griffin, P. J., and Shepard, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied September 5, 1962.