338 F.2d 811
 TRUCK INSURANCE EXCHANGE, an Interinsurance Exchange, a Corporation, Appellant,
v.
AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellee.
AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellant,
v.
TRUCK INSURANCE EXCHANGE, an Interinsurance Exchange, a Corporation, Appellee.
 No. 19137.
 United States Court of Appeals Ninth Circuit.
 November 13, 1964.
 
 Clifford Mitchell, Mitchell & Henderson, Eureka, Cal., for appellant-cross appellee American Sur. Co. of N. Y.
 Gerald P. Martin, Richard G. Logan, Clark, Heafey & Martin, Oakland, Cal., for appellee-cross appellant Truck Ins. Exchange.
 Before BASTIAN, sitting by designation, MERRILL and DUNIWAY, Circuit Judges.
 MERRILL, Circuit Judge.
 
 
 1
 The parties to this diversity action are insurers of persons whom a California state court has adjudged liable for damages in wrongful death resulting from their negligent conduct. The issue here is as to the apportionment of the California court judgment between the insurers. Defense of the state action was tendered to Truck Insurance Exchange and was refused. Defense was then undertaken by American Surety Company. Judgment in the sum of $73,561.56 was paid by American which then brought this action to secure a declaration of the proper apportionment between the insurers.
 
 
 2
 The accident occurred when a logging trailer owned by one Dixon was being unloaded on premises of the J & W Lumber Company in Orrick, California. During the course of unloading a log fell from the trailer, killing Dixon. The action was brought against J & W Lumber Company and one Wescott, its employee, who had been assisting Dixon in the unloading operation. The complaint charged Wescott with negligence in the unloading of the trailer. It charged J & W with negligence in the maintenance and operation of the log landing and also stated a cause of action against the company for Wescott's negligence on the theory of respondeat superior. The jury brought in a general verdict against both defendants.
 
 
 3
 At the time of the accident a liability policy issued by American Surety Company was in effect, insuring J & W with a limit of $200,000 for injuries to one person. It did not cover J & W for the acts of its employees. At that time a liability policy issued by Truck Insurance Exchange was in effect, issued to Dixon covering the logging truck and trailer which were in use at the time of his accident, with a limit of $100,000 for injuries to one person. The policy did not by its terms extend coverage to non-owners using the truck and trailer with the owner's permission. Section 16451 of the California Vehicle Code, however, provides such extended coverage by operation of law as to loss arising out of such use.
 
 
 4
 Section 875 of the California Code of Civil Procedure provides for equal contribution between joint tortfeasors against whom judgment has been rendered.
 
 
 5
 The District Court concluded that Wescott was insured by Truck Insurance Exchange as a user of the trailer under the extended coverage provided by California Vehicle Code § 16451; that J & W was insured by both companies: by American under the policy issued by that company and, as a user of the trailer, by Truck Insurance. The Court adjudged Truck Insurance liable for Wescott's half of the judgment and that J & W's half should be apportioned between the two companies on the basis of their policy limits, one third to Truck Insurance and two thirds to American, and that American was entitled to contribution from Truck Insurance on this basis. The judgment against Truck Insurance included interest from the date American satisfied Dixon's claim in the wrongful death action until the entry of the judgment below. The sum upon which interest was due consisted of Truck Insurance's pro rata share of the judgment in Dixon's suit and the costs of the defense conducted by American.
 
 
 6
 Both companies have appealed from that judgment.
 
 
 Appeal of Truck Insurance Exchange
 
 
 7
 1. Appellant contends that since its liability arises by operation of law, due to the requirements of § 16451 of the California Vehicle Code, and that since that section only requires coverage to the extent of $10,000, its liability should be limited to that amount.
 
 
 8
 California law, as evidenced by Globe Indemnity Co. v. Universal Underwriters Ins. Co., 201 Cal.App.2d 9, 20 Cal. Rptr. 73 (Dist.Ct.App.1962), is to the contrary.
 
 
 9
 2. Appellant contends that § 875 of the California Code of Civil Procedure should not apply in an action between insurance companies to secure proration of their liability for the same loss; that the apportionment in such cases should be on the basis of the respective policy limits.
 
 
 10
 Section 875, however, implicitly recognizes that the loss suffered by one joint tortfeasor is not the "same loss" as that suffered by another, in the sense in which appellant uses that term. Section 875 (e) provides:
 
 
 11
 "A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution."
 
 
 12
 3. Appellant contends that even if § 875 did give American Surety a right of contribution the two insurers should have shared the loss equally.
 
 
 13
 In this we agree with appellant.
 
 
 14
 Section 876 of the California Code of Civil Procedure deals with the manner in which the responsibility of joint tortfeasors as between themselves and their liability to contribution shall be ascertained. It provides: "(a) The pro rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment equally among all of them.
 
 
 15
 "(b) Where one or more persons are held liable solely for the tort of one of them or of another, as in the case of the liability of a master for the tort of his servant, they shall contribute a single pro rata share, as to which there may be indemnity between them."
 
 
 16
 This section was apparently designed to prevent the doctrine of respondeat superior from creating another share of the liability which would ultimately have to be borne by the employee, or his insurer.
 
 
 17
 In this case appellant's responsibility for J & W's loss was due solely to the fact that the company was a user of the trailer, and was limited to loss arising out of that use. The only company use was that of its employee, Wescott. Any loss arising out of that use resulted from Wescott's negligence. J & W's liability arising out of that use was, therefore, solely through respondeat superior — liability as master for the tort of its servant — for which it was entitled to indemnity from Wescott.
 
 
 18
 Under § 876 the share of the judgment for wrongful death attributable to Wescott's tort, whether borne by Wescott alone or with J & W joining in liability on the basis of respondeat superior, is one half of the judgment and no more.
 
 
 19
 Judgment should therefore be modified to provide for equal apportionment, with American bearing J & W's loss in its entirety and Truck Insurance bearing Wescott's.
 
 
 20
 4. Appellant contends that the District Court erred in awarding interest from the date when American Surety satisfied judgment in the state action. From the principles enunciated in Continental Cas. Co. v. Zurich Ins. Co., 57 Cal.2d 27, 17 Cal.Rptr. 12, 366 P.2d 455 (1961) (en banc), we conclude that such allowance was proper under California law in the light of appellant's refusal to accept defense of the state action.
 
 
 Appeal of American Surety Company
 
 
 21
 American simply asserts that there was in the state action no evidence that J & W was independently negligent and that the only basis for the jury verdict against that company could have been on the ground of respondeat superior; that Truck Insurance under these circumstances should be held primary insurer.
 
 
 22
 The jury verdict was general and from such a verdict a presumption arises that the jury has found negligence on all material issues. Thomson v. Casaudoumecq, 205 Cal.App.2d 549, 23 Cal. Rptr. 189 (Dist.Ct.App.1962). Even assuming that American could go behind the jury verdict and show that there was no evidence of independent negligence, it has not done so. We must therefore presume that the jury in the state action properly found J & W guilty of independent acts of negligence.
 
 
 23
 Judgment of the District Court against Truck Insurance Company is ordered reduced to provide for equal apportionment between the parties of the state court judgment for wrongful death plus costs, with interest as provided in the judgment of the District Court. As so modified, the judgment is affirmed. No costs are awarded in this appeal.