[Crim. No. 2655.   Fourth Dist., Div. One.   Apr. 10, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. PHYLLIS
TOLSTOY, Defendant and Appellant.

Glen Woodmansee for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was charged with causing a false message by telegram to be sent to her former husband with intent to deceive, injure or defraud him in violation of Penal Code, section 474; was found guilty by a jury's verdict; was placed on probation; and appeals, contending the evidence is not sufficient to support a finding she sent the telegram with intent to deceive, injure or defraud. Defendant was the mother of two sons, Richard and Steven, of whom her former husband was the father. The boys lived with her and their stepfather. Richard, age 15, became "difficult to manage" and because of this fact, and also because of the financial burden, defendant sent him to Michigan to live with her sister. Previously defendant allegedly attempted to discuss these problems with Richard's father, her former husband, but he refused to discuss the same. On the day Richard left for Michigan defendant sent the following telegram to her former husband: "Richard dead. Remains cremated. Sent to rest with my Dad in midwest."

The former husband who was working in Arizona, received the telegram; left for California; and enroute to defendant's home ascertained Richard had not died.

Defendant contends the evidence is not sufficient to establish her intent to defraud, deceive or injure her former husband in sending the subject telegram to him in that there is no showing she intended him to "act or forbear from acting to his substantial detriment or harm as a result of relying upon the false telegram message."

The intent to deceive which is an element of the subject offense, is multiple in scope, embracing an intent that the person to be deceived shall accept the false statement as true, shall rely thereon, and in reliance thereon shall act in a manner he otherwise would not have acted to his detriment or

injury. (*People* v. *Chadwick*, 143 Cal. 116, 121 [76 P. 884]; *People* v. *Reed*, 113 Cal.App.2d 339, 353, 355 [248 P.2d 510]; *People* v. *Norwoods*, 100 Cal.App.2d 281, 287 [223 P.2d 490].) The detriment or injury may be grave or slight; is not limited to financial loss; and need not be sustained actually. (*People* v. *Reed, supra,* 113 Cal.App.2d 339, 355; *People* v. *Norwoods, supra,* 100 Cal.App.2d 281, 287.)

Defendant testified she intended the false statement in her telegram would cause her former husband to get in contact with her so they might discuss problems respecting their son, which previously he had been unwilling to do. The purpose of the deceit thus practiced was to cause the former husband to participate in a discussion in which he did not wish to participate. The testimony supports the inference any such discussion would be fraught with unpleasantness and emotional distress which the husband theretofore sought to avoid. The deceit involved more than making a false statement. It involved a falsehood stated for a purpose. Effecting the purpose would be detrimental to the husband. The intent to deceive included the intent to effect the consequences attendant upon an attainment of the purpose of the deception. Thus, the prerequisite intent to deceive is established by the testimony of defendant and inferences reasonably deducible therefrom.

Furthermore, the evidence supports a finding implied in the verdict that defendant sent the telegram with intent to injure her former husband. The circumstances of the case, including the content of the telegram, support the inference defendant intended to inflict upon her former husband shock, grief, mental anguish and emotional distress, which are component parts of mental suffering constituting injury. (*State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330, 337 [240 P.2d 282]; *Deevy* v. *Tassi*, 21 Cal.2d 109, 120 [130 P.2d 389]; *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499, 512 [111 P. 534, 139 Am.St.Rep. 134, 31 L.R.A. N.S. 559]; *Behrendt* v. *Times-Mirror Co.*, 30 Cal.App.2d 77, 83 [85 P.2d 949].) Mental suffering as a subject of injury is not dependent upon the existence of physical suffering. (*State Rubbish etc. Assn.* v. *Siliznoff, supra,* 38 Cal.2d 330, 338.) A general verdict implies findings in favor of the judgment on all material issues, and where the evidence supports a finding of facts on any set of issues which will sustain the verdict it will be assumed on appeal the jury so found. (*Thomson* v. *Casaudoumecq*, 205 Cal.App.2d 549, 555 [23 Cal.Rptr. 189].) The jury

was not required to accept defendant's testimony respecting her purpose in sending the telegram. (*People* v. *Davis*, 48 Cal.2d 241, 248 [309 P.2d 1].) The evidence supports the conclusion her action was vindictive; her purpose to inflict vengeance; and her intent to harm.

▮ Intent ordinarily must be inferred from a consideration of all the facts and circumstances in the case, and "if the evidence is sufficient to justify a reasonable inference that the requisite intent existed, the finding of its presence in a particular case, may not be disturbed on appeal." (*People* v. *Lyles*, 156 Cal.App.2d 482, 486 [319 P.2d 745]; *People* v. *Kuykendall*, 134 Cal.App.2d 642, 645 [285 P.2d 996].)

▮ In the case at bench the evidence supports findings in favor of the judgment on the issue of intent.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.