[Crim. No. 8884. Fourth Dist., Div. One. Feb. 5, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY FLOYD WILLIAMSON, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Handy Horiye for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Patricia D. Benke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STANIFORTH, J.**—Defendant Danny Floyd Williamson waived jury and after trial by the court was found guilty of 13 counts of a 14-count information. Williamson was found not guilty of count twelve. All allegations regarding Penal Code sections 12022.5 and 12022, subdivision (a) were found to be true and the five priors charged were found to be proven.

### THE PLEADINGS

Williamson was charged with burglary in violation of Penal Code section 459 in count one; with attempted robbery in violation of Penal Code sections 664 and 211 in counts two and three and counts five through nine; with assault with a deadly weapon in violation of Penal Code section 245, subdivision (a), in counts eleven and twelve; and with possession of a concealable firearm in violation of Penal Code section 12021 in count thirteen. Allegations Williamson used a firearm within the meaning of Penal Code section 12022.5 were made in counts one through twelve within the meaning of Penal Code section 1203.06, subdivision (a)(1), were made in count one, and within the meaning of Penal Code section 1203.06, subdivision (a)(1)(iii), were made in counts two through ten. Allegations he was armed with a firearm within the meaning of Penal Code section 12022, subdivision (a), were made in counts two through ten. It was further alleged in count one that the burglary was committed upon an inhabited building in the nighttime and defendant assaulted a person in the commission of the burglary. All counts were alleged to have occurred on July 24, 1977, and involved different victims except counts six and eleven involved the same victim, Armando Martinez, and counts seven and twelve involved the same victim, Diana Martinez. Williamson was also charged with a prior felony conviction of second degree murder, Penal Code section 187, on February 11, 1972, for which he served a prison term and did not remain free of prison custody or felony convictions within 10 years of his release from prison within the meaning of Penal Code section 667.5, subdivision (a). Similar prior convictions, prison terms and failure to remain free of prison custody or felony convictions for five years subsequent to his release from prison within the meaning of Penal Code section 667.5, subdivision (b), were alleged as to convictions of burglary (Pen. Code, § 459) on February 11, 1972, attempted robbery (Pen. Code, §§ 664, 211) on April 6, 1966, assault with a deadly weapon (Pen. Code, § 245, subd. (a)) on April 6, 1966, and grand theft (Pen. Code, § 487, subd. 2) on January 13, 1966.

## THE SENTENCE

Williamson was sentenced to four years on count four (robbery)—the aggravated (upper) term for violation of Penal Code section 211, plus two additional years of enhancement for firearm use within the meaning of Penal Code section 12022.5, plus one additional year for the consecutive term for assault with a deadly weapon, Penal Code section 245, subdivision (a), count eleven. Three additional years were added for the prior conviction of murder (Pen. Code, § 667.5, subd. (a)) and one additional year for each of the four prior convictions within the meaning of Penal Code section 667.5, subdivision (b). In sum Williamson's total sentence was 14 years. Sentencing for the remaining counts including enhancements were stayed, such stays to become permanent upon Williamson serving the unstayed sentences. Williamson appeals complaining of verdict and sentencing errors.

## THE FACTS

On July 24, 1977, at approximately 10 p.m., Sylvester Perez was at his trailer home in Valley Center. With him were his wife Delores Perez, Benny Chavez, Angel Chavez, Armando Martinez, Diana Martinez, Gerado Villalpando, Jose Villalpando, Raymond Belardez and several children. Delores Perez saw a car go by and stop. She went outside but saw nothing. She went out a second time and again saw nothing. When she reentered the trailer, Williamson was in the hallway pointing a gun at her. He followed her into the living room. Williamson had a blue bandana on his face and carried a .38 caliber pistol. He told everyone in the living room he wanted their money—to empty their pockets and throw their wallets and purses on the floor. When implored not to hurt the children, he replied, "Fuck the kids." Raymond Belardez had thrown down $60 and Benny Chavez, $90. The remaining victims contributed nothing. Delores Perez took the money off the floor and gave it to the robber. Williamson put the money and his gun in his pocket.

Diana Martinez then queried Williamson: Why was he robbing them? They were poor; why didn't he rob some rich people instead? Angered, Williamson grabbed Diana by the hair and threw her in a chair. Diana's husband, Armando, told Williamson to leave Diana alone. Williamson pointed the gun at Armando and sat him down in a chair, whereupon Diana grabbed for the gun. At this moment several of the men jumped Williamson, wrestled him to the kitchen floor. The struggle continued for some 10 to 45 minutes, during which time Williamson's gun was taken from him. Williamson, however, also had a knife; he threatened to use it.

During the melee, the police were called, promptly arrived and arrested Williamson.

Williamson's contentions on appeal are threefold: First, he charges the trial court with failure to make proper findings of the prior convictions; that omission prohibits their use as enhancements under Penal Code section 667.5. Secondly, he contends the total term imposed of 14 years was error because the principal term was improperly enhanced by prior convictions and also the maximum term was also enhanced twice for the same delict. Third, he asserts the imposition of consecutive sentences for robbery and assault was multiple punishment banned by Penal Code section 654.

The Attorney General conceded that the prison term imposed should be modified to reflect in toto an *11*-year term.

## DISCUSSION

■ Williamson asserts the trial court did not make the proper findings as required by Penal Code section 667.5.[1] In support of this contention, he points to the record. At the time Williamson was found guilty of the charges and the priors were found to be true, the court did not in so many words state the prior terms *resulted in prison terms* and that he had failed to stay free of prison or conviction for the necessary 5- or 10-year periods. This lack he contends precluded their use as enhancements.

In the information Williamson was charged with five prior felony convictions. These, he acknowledges, were correctly charged in the language of Penal Code section 667.5, subdivisions (a) and (b). The allegations do indicate the nature, location and date of each of the priors,

---

[1]Penal Code section 667.5 provides in part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: ¶(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c); provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction. [¶](b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

and charge he had in fact served prison terms for each of those priors and failed to remain free of prison and felony convictions for the pertinent 5- or 10-year periods.

At the conclusion of the court trial, the judge examined the documents introduced by the People in support of the allegations of the priors. The court observed it was governed by the standard of proof beyond a reasonable doubt as to such priors and in order to find the priors were true, the court would have to first determine whether each fell within the 5- or 10-year requirements of Penal Code section 667.5. The trial court had before it documentary evidence indicating the locality, nature and date of the prior; on the face of the certified documents appears the date(s) when the sentences to prison term(s) were imposed. By a simple arithmetic process and the relating of one document to another, Williamson's failure to remain free from prison and felony convictions for the pertinent 5- or 10-year period became readily apparent and established—uncontradicted—beyond any reasonable doubt. It was in this context that the trial court stated: "I therefore in summary find the defendant guilty of all charges with exception of count twelve not guilty—and find that he was convicted as alleged and proved of all of the priors set forth in the information, as has been found by the court."

At no time during the oral findings with respect to the priors, did Williamson object, or urge that the 5- and 10-year requisites had not been sufficiently specified. Only on appeal does he urge this court that the findings should have been made more specific. The record clearly demonstrates the court had before it the uncontested evidence, all the facts necessary to the application of Penal Code section 667.5. The evidence established beyond a reasonable doubt the proof of Williamson's failure for the pertinent 5- or 10-year period to stay out of prison. To require in these circumstances for the court to repeat each and every element that he had first reviewed in this record—when the true findings were with respect to *all* five priors—is to place a requirement of unnecessary form over substance. Later, at the time of sentencing, the court did set forth detailed findings. For each prior, the court verbalizes the date, the offense, the sentence and whether the 5- or 10-year provision of section 667.5 was applicable.

At the conclusion of a trial, the court must announce its findings on the issues of fact "which shall be in substantially the form prescribed for the general verdict of a jury and shall be entered upon the minutes." (Pen. Code, § 1167; *People* v. *Flores,* 12 Cal.3d 85, 94 [115 Cal.Rptr. 225, 524 P.2d 353].)

The general verdict of a jury is not required, absent request for special interrogatories and answers thereto to detail the factual underpinnings of its decision. (Pen. Code, § 1151.) A general verdict implies findings in favor of the judgment on all material issues. (*People* v. *Tolstoy,* 250 Cal.App.2d 22, 24 [58 Cal.Rptr. 148].) This general language of section 1167 that the court make factual findings at the conclusion of a nonjury trial is controlled by the more specific language of Penal Code section 1158. (*People* v. *Flores, supra,* 12 Cal.3d 85, 94.)

It is true that a trial court cannot make findings required at trial, at a later time. (*People* v. *Davis,* 270 Cal.App.2d 841, 844-845 [76 Cal.Rptr. 242]; compare Pen. Code, §§ 1157 and 1158a.) Section 1158 authorizes the brevity of the true finding here made. Further, on sentencing of Williamson, the court detailed the factual and legal base for each enhancement. No error appears in the verdict procedure here followed by the trial court. (*People* v. *Nicholson,* 39 Cal.App.2d 67, 69 [102 P.2d 363]; *People* v. *McKinley,* 2 Cal.2d 133, 135 [39 P.2d 411].)

The trial court imposed seven years of enhancements for the five prior prison terms—three years for the murder prior and one year for each of the four additional prior prison terms. Williamson contends that the total of 14 years was improper (1) because the principal term was improperly enhanced by the prior convictions and (2) the maximum term was also improperly enhanced twice for the same delict.

To analyze these contentions we start from these statutory premises: Penal Code section 1170.1, subdivision (a), provides the aggregate term of imprisonment is the sum of the principal term, the subordinate term, and any additional term imposed pursuant to Penal Code section 667.5.

The principal term consists of the greatest term of imprisonment imposed by the court for any of the crimes including any enhancement imposed pursuant to Penal Code sections 12022, 12022.5, 12022.6 or 12022.7. (Pen. Code, § 1170.1, subd. (a).)

When the court imposes a determinate prison sentence, it shall also impose the additional sentence provided by the enhancements provided by Penal Code sections 12022 and 12022.5. (Pen. Code, § 1170.1, subd. (c).)

Here the greatest term imposed by the court for Williamson's crimes was the four-year term set upon the finding of guilt on count four—rob-

bery. The court ignored the armed finding on count four for purposes of sentencing, but added to the four-year term for robbery the two-year enhancement due upon the Penal Code section 12022.5 gun use finding. Thus the principal term was six years. (Pen. Code, § 1170.1, subd. (a).)

The subordinate term for any consecutive offense consists of one-third of the middle term of imprisonment prescribed for such felony. (Pen. Code, § 1170.1, subd. (a).)

Here the consecutive term imposed was for assault with a deadly weapon (Pen. Code, § 245, subd. (a)) which has a two-, three- or four-year sentence scheme. Thus a third of the middle term is one year. Since assault with a deadly weapon is not one of the crimes listed in the Penal Code section 667.5, subdivision (c), enhancements are to be *excluded* from calculation of the subordinate term. (Pen. Code, § 1170.1, subd. (a).)

The subordinate term of one year is proper to add to the principal term in that it does not exceed the five-year limitation of Penal Code section 1170.1, subdivision (a). Simple arithmetic tells us the principal term plus the subordinate term equals seven years.

As has been heretofore discussed, the enhancement for the weapons use (§ 12022.5) *must be calculated—and was added here—into the* principal term. (Pen. Code, § 1170.1, subd. (a).) It was not, as Williamson contends, an enhancement which must be added *after* the calculation of the principal and subordinate terms. The only enhancement which must be added here are those for priors. The enhancement for Williamson's prior conviction of murder is three years (§ 667.5, subd. (a).) This conclusion follows because both the prior murder and the present principal offense of robbery are contained in those offenses enumerated in Penal Code section 667.5, subdivision (c). Therefore, the three-year term must be added consecutive to the principal and subordinate terms. (Pen. Code, §§ 667.5, subd. (a) and 1170.1, subd. (a).)

Williamson correctly asserts the prior burglary arose out of that murder offense and was merged into it. Therefore, the one-year enhancement for that burglary was not proper. Likewise priors number three and four were served concurrently; therefore, a one-year enhancement for both, but not one year each, was the correct enhancement. (Pen. Code, § 667.5, subd. (g).) *Further, it appears at the time Williamson was originally sentenced*

on priors number three and four, he was sentenced concurrently on prior number five. It, therefore, must be included in that prior prison term for priors three and four. Thus Williamson correctly asserts, and the Attorney General agrees, the total enhancements for all priors in this case aggregate four years. We conclude to the principal term of six years, one year is to be added for the subordinate term, plus only four additional years for priors. All other counts were appropriately stayed.

■ This 11-year aggregate is the correct sentence and term if sentence on the assault with a deadly weapon is properly imposed as a consecutive term. Williamson asserts this term imposed violates the Penal Code section 654 ban against multiple punishment. To avoid the rule of such cases as *People* v. *Massie,* 66 Cal.2d 899 [59 Cal.Rptr. 733, 428 P.2d 869], and *In re Chapman,* 43 Cal.2d 385 [273 P.2d 817]—holding Penal Code section 654 has no application where a robber, after receiving the fruits of his robbery, with an intent other than to rob, assaults the victim—Williamson quarrels with the evidence of his offenses. He asserts that the testimony of Delores Perez to the effect he put his gun back in his pocket in the living room is not testified to by any other witness and that she is not sufficiently credible under the circumstances to give substantial evidence.

We are required to view the evidence in the light most favorable to the judgment. The question of credibility was for the trial court. There is substantial evidence in the record that Williamson entered the premises with gun drawn, demanded and received monies from multiple victims. After receipt of the money, he put his gun in his pocket. However, instead of leaving, angered by a remark of Diana Martinez, he seized her by the hair, threw her into a chair. When her husband objected, Williamson pointed the gun at the husband and sat him down in a chair. Diana grabbed the gun and a struggle followed resulting in Williamson's capture.

On this factual situation, the trial court was justified in determining the assaultive intent was not connected to and not in furtherance of the robbery of Diana or her husband, but rather it was a separate, distinct assault upon the victims motivated by something other than robbery. Williamson put his gun away indicating the robbery had ended. The intent, the assault here, was not in furtherance of the accomplished robbery. The imposition of the consecutive sentence is factually supported by substantial evidence.

The judgment of conviction is affirmed, but sentence is ordered to be modified to reflect six years on the principal term, plus one year for subordinate term, plus four years of enhancements, or a total sentence of eleven years.

Cologne, Acting P. J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1979.