Filed 8/20/20  P. v. Hardesty CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>STEPHEN THOMAS HARDESTY,<br><br>        Defendant and Appellant. | C087943<br><br>(Super. Ct. No. 17FE022861) |

A jury found defendant Stephen Thomas Hardesty not guilty of assault with a firearm, but guilty of making a criminal threat.  On appeal, defendant argues that:  (1) insufficient evidence supports the guilty finding on the criminal threat count because it is inconsistent with the not guilty finding on the assault with a firearm count; and (2) the trial court erred in responding to a jury inquiry about self-defense.  We disagree with both claims and affirm.

# I. BACKGROUND

Defendant and his neighbor own large adjoining parcels of land. The neighbor would sometimes allow men, including R.M. and the victim, onto his land to cut down trees and harvest the wood. Defendant objected to this practice. In the past, defendant had contacted his neighbor, as well as law enforcement, about such incursions.

One day, R.M. and the victim cut down several trees. Defendant called his neighbor to object, but was rebuffed. When R.M. and the victim returned the next day, they noticed that some of the wood they had cut was missing, with tracks leading to defendant's home. Later in the day, when R.M. and the victim were preparing to leave in R.M.'s truck, defendant pulled up in his truck. Defendant challenged them, asserting that they were not entitled to be there. The victim got out of the truck, walked around to defendant's truck, and told him that they had permission to be on the land. Defendant then picked up a rifle, pointed it out his truck window at the victim, and told the victim, "I'm going to blow your fucken [*sic*] head off." The victim reached up and pushed the barrel of the gun away. He then retreated back to R.M.'s truck, and R.M. called defendant's neighbor, who called the sheriff's department. Defendant drove his truck home first, then down the road, where he waited for sheriff's deputies to find him. They recovered a loaded bolt-action rifle.

At trial, defendant testified that he regularly kept a rifle in his truck for protection from robbers and coyotes. On the day in question, he returned to his property and found R.M. and the victim parked in the road. He asked R.M. whether he had permission to be there, and R.M. replied that he did. R.M. volunteered to call defendant's neighbor. While he was doing so, the victim threw open the passenger-side door of R.M.'s truck, ran around to defendant's truck, and yelled, "I'll take care of you right now." When he was within three or four feet of defendant's window, he raised his hands as if he were about to grab defendant. Defendant was frightened, so he grabbed his rifle, pointed it at the victim, and said, "[I]f you grab me, I'll blow your fucking head off." R.M. stated that

2

he was going to call the police, and both parties retreated. Defendant testified that when he pointed the rifle at the victim, it was loaded, but could not have been fired because the bolt was open and the safety was on.

The prosecutor charged defendant with assault with a firearm (Pen. Code, § 245, subd. (a)(2)—count one)[1] and making a criminal threat (§ 422—count two). At the conclusion of the evidence, the trial court read CALCRIM No. 3470, which reads in part: "Self-defense is a defense to Assault with a firearm and Making criminal threats." During deliberations, the jury submitted several inquiries to the court, the second of which read: "We need clarification on the counts—1. If we find the defendant not guilty of the 1st count, can we still find the defendant guilty of the 2nd count? 2. Are the charges independent of each other? 3. If we find the defendant not guilty on Count 1 because he was acting self[-]defense could he be found guilty of Count 2?"[2]

After conferring with counsel for both parties, the court sent a response stating: "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one." The next morning, at defense counsel's request, the court followed up with a second response that read: "In reference to question #2 also refer to CALJIC [*sic*] 3470."[3] After deliberating for the rest of the day, the jury returned a verdict of not guilty on count one (assault with a firearm) and guilty on count two (making a criminal threat).

---

[1] Undesignated statutory references are to the Penal Code.

[2] The jury wrote, then crossed out, one of their questions.

[3] The court's response referred to CALJIC, although the pattern jury instructions the court read to the jury were from CALCRIM.

**II.  DISCUSSION**

A.      *Insufficient Evidence of Making a Criminal Threat*

Defendant contends that insufficient evidence supports his conviction for making a criminal threat because it is inconsistent with the not guilty finding for assault with a firearm.  In particular, defendant argues that the jury's question about self-defense means that the jury made a factual finding that he acted in self-defense with respect to the assault with a firearm count.  Defendant further argues the conduct underlying the threat and the assault was the same, so a finding that self-defense applied to the assault requires that it apply to the threat, as well.  We disagree.

To assess the sufficiency of evidence to support a conviction, we review "the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Silva* (2001) 25 Cal.4th 345, 368.)  "[R]eversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict."  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  "A general verdict implies findings in favor of the judgment on all material issues, and where the evidence supports a finding of facts on any set of issues which will sustain the verdict it will be assumed on appeal the jury so found."  (*People v. Tolstoy* (1967) 250 Cal.App.2d 22, 24.)  "[T]he inner workings and deliberation of the jury are deliberately insulated from subsequent review. . . . *Juries provide no reasons, only verdicts.*"  (*People v. Guerra* (2009) 176 Cal.App.4th 933, 942.)

"In order to prove a violation of section 422, the prosecution must establish all of the following:  (1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made

verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228.)

Defendant told the victim that he would "blow his fucking head off" while pointing a rifle at him. He testified that he intended to stop the victim from approaching him further, and the threat caused the victim to retreat back to the safety of R.M.'s truck because he was scared that he might be shot. The threat was unequivocal and immediate—it offered a precise explanation about what defendant intended to do, and was made while defendant had the apparent means to do it. R.M. and the victim were shocked by defendant's conduct and immediately reported it; defendant's neighbor stated that they were "screaming" that "he's going to shoot us" when they called him. The deputies who responded to the call also noted that R.M. and the victim appeared "very frightened" and were "[i]n fear of their life." These facts are adequate to support the conviction for making a criminal threat.

Moreover, the facts supporting the criminal threat offense would be the same whether the jury found defendant guilty or not guilty with respect to the assault with a firearm offense. Each count, and the verdicts on those counts, was independent of the other. (§ 954 ["An acquittal of one or more counts shall not be deemed an acquittal of any other count"]; *People v. Manriquez* (2005) 37 Cal.4th 547, 579.) The possibility that the jury could have used inconsistent reasoning or come to inconsistent conclusions does not tether the outcome of the two counts together or otherwise invalidate a guilty finding. (*People v. Avila* (2006) 38 Cal.4th 491, 600.) Nor can we draw any specific factual

findings, whether from a jury inquiry or the verdict itself, about the specific theories or methods the jury used to reach the verdicts, as defendant's argument would require us to do. (*People v. Guerra*, *supra*, 176 Cal.App.4th at p. 942.) Defendant's argument is premised on reading such findings into the verdicts, and on the implication that those findings would invalidate a factually supported guilty finding. Because we reject both premises, we reject defendant's conclusion that the making a criminal threat conviction must be reversed.

## B.     *The Trial Court's Response to the Jury Inquiry*

Defendant argues that the trial court erred when it responded to the jury's question asking whether it was permissible to find the defendant not guilty of assault with a firearm, but guilty of making a criminal threat. The People respond that defendant has forfeited this issue because defense counsel agreed to the first response to the jury's question, and the court offered a second response to the question at defense counsel's request. Assuming without deciding that the issue was not forfeited, we conclude that the court did not commit error in its response.

### 1.     *Background*

During deliberations, the jury asked whether it could find defendant guilty of count two (making a criminal threat) if it found him not guilty of count one (assault with a firearm); and whether, if it found that the self-defense instruction applied to count one (assault with a firearm), it could still find defendant guilty of count two (making a criminal threat). The court responded: "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one." Later, at defense counsel's request, the court referred the jury back to CALCRIM No. 3470, the jury instruction on self-defense. CALCRIM No. 3470 states, in relevant part: "Self-defense is a defense to Assault with a firearm and Making criminal threats. . . . [¶] . . . [¶] The People have the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the People have not met this

6

burden, you must find the defendant not guilty of Assault with a firearm or Making criminal threats."

   2.   *Analysis*

Section 1138 imposes upon the trial court a duty to help the jury understand the legal principles applicable to the case. (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.) If "the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information." (*Ibid.*) To properly exercise its discretion, "a court must do more than figuratively throw up its hands and tell the jury it cannot help. It must at least *consider* how it can best aid the jury. It should decide as to each jury question whether further explanation is desirable, or whether it should merely reiterate the instructions already given." (*Ibid.*) "When a question shows the jury has focused on a particular issue, or is leaning in a certain direction, the court must not appear to be an advocate, either endorsing or redirecting the jury's inclination." (*People v. Moore* (1996) 44 Cal.App.4th 1323, 1331.)

The jury questions asked whether the two counts were connected or related, such that the outcome in one governed the outcome in the other. The court answered that the two counts were separate and entitled to their own consideration, including specifically as to the claim of self-defense.

The court's responses were correct statements of law and avoided directing the jury to any specific outcome or advocating for any specific position. Because the responses explained that each count was entitled to its own separate consideration, the responses comported with the trial court's instructional obligation.

Defendant contends that, rather than directing the jury to the pattern jury instruction, the court should have taken the additional step of pointing the jury to one specific line of the instruction, which explains that self-defense can apply to either count. This argument rests on the premise that the jury could not find self-defense applied to one

7

charge and not the other because such a finding would result in an inconsistent verdict. As explained above, neither count was reliant on or tied to the other, and we reject defendant's claim.  We see no error in the court's response to the jury inquiry.

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

RAYE, P. J.

/S/

BLEASE, J.